**STATE of Tennessee, Appellant,**

v.

**Kurt BEST et al., Appellees.**

Supreme Court of Tennessee.

May 4, 1981.

William P. Sizer, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for appellant.

Herbert S. Moncier, Aubrey C. Jenkins, Charles C. Burks, Jr., Jenkins & Jenkins, Knoxville, for appellees.

## OPINION

FONES, Justice.

We granted the State's TRAP 10 application for permission to appeal in this criminal case. Two issues are presented: (1) does the Court of Criminal Appeals have the authority to promulgate a ten day time limitation for filing a TRAP 10 application, no time limitation having been provided in the rule; and (2) is a defendant who was arrested without an arrest warrant, fingerprinted and photographed, then released unconditionally, entitled to a preliminary hearing before or after the return of a presentment by the grand jury.

The facts are not in dispute. On August 24, 1979, the General Sessions Court for Knox County, having received evidence that illegal gambling devices were being housed at various local establishments, issued several "Search Warrants." These warrants commanded the proper authorities to search the specified premises and seize any illegal gambling devices found therein. The warrants further commanded the authorities "to arrest person or persons found violating the law in connection with the same, and to bring them along with the evidence obtained before me so that he may be treated as the law directs."

That evening the authorities went to the named establishments, confiscated numerous gambling devices, and took into custody several individuals. The record neither gives any indication as to what the circumstances were surrounding the decision by the authorities to apprehend these specific individuals, nor indicates how, why, or to what extent these individuals were determined at that time to be involved with the confiscated gambling devices. It is admitted, however, that an unspecified number of individuals were, as a result of the "raids" that evening, taken to the Tennessee Highway Patrol Station, where they were fingerprinted and photographed. They were then released unconditionally without being charged and without being taken before the magistrate, as was com-

manded by the search warrants concerning "person or persons found violating the law" in connection with the gambling devices.

On September 21, 1979, one of those taken into custody, Tommy Ford, filed a written motion in Criminal Court for Knox County asking that, pursuant to T.C.A. § 40–1131[1] and T.R.Crim.P. 5(e), he be allowed a preliminary hearing and that any future "indictment or information" be dismissed.

On September 24, 1979, several other individuals made similar oral motions in General Sessions Court for Knox County. These motions were continued for a few days in order to give the State time to respond.

On the days of September 24, 25, and 26, 1979, the Knox County Grand Jury issued presentments as to the defendants involved herein, and on September 28, 1979, the General Sessions Court denied the motions of these defendants for preliminary hearings.

On October 23, 1979, a hearing was held in Criminal Court in which the trial judge suggested that defendants were probably entitled to preliminary hearings pursuant to T.R.Crim.P. 5(e). Between October 23 and 26, 1979, defendants filed written motions demanding such hearings; these motions were granted on October 20, 1979, and the cases were ordered "transferred" to General Sessions Court for preliminary hearings.

In another hearing held on October 19, 1979, the State made an application to be allowed to appeal the interlocutory orders of the trial court pursuant to T.R.A.P. 9. This application was denied. The State then attempted an appeal as of right to the Court of Criminal Appeals. That appeal was denied on March 26, 1980, because no final order existed from which to appeal. The State then sought a petition to rehear en banc; this petition was denied on April 28, 1980. The State next sought an extraordinary appeal pursuant to T.R.A.P. 10 on June 13, 1980. The Court of Criminal Appeals held that this application was not

timely filed. It is from this ruling, and the ruling of the trial court below, that the State has appealed to this Court pursuant to T.R.A.P. 10.

I.

The Court of Criminal Appeals said that, "some time limitation is required for filing an application for a Rule 10 appeal by the nature of the relief which may be sought thereunder." The Court proceeded to "fashion" a time limitation, reasoning that Rule 10 was "akin" to Rule 9 and held a Rule 10 application must be filed within ten days from the entry of the order appealed from.

 The authority to prescribe rules governing the practice and procedure in all the Courts of this State in all civil and criminal actions and proceedings is vested in the Supreme Court of Tennessee. T.C.A. § 16–3–402. Such rules, as well as amendments and modifications thereof from time-to-time, take effect after the Supreme Court reports the rule to the General Assembly and both houses thereof have adopted a resolution of approval. T.C.A. § 16–3–404. The statutory scheme of rule making contemplates that the Supreme Court will make appropriate use of the advisory commissions authorized by T.C.A. § 16–3–601. The rule making authority of all other courts of this State is limited to "additional or supplemental rules of practice and procedure not inconsistent with or in conflict with the rules prescribed by the Supreme Court." T.C.A. § 16–3–407. It is clearly implicit in the statutes, T.C.A. §§ 16–3–401 —16–3–407, that no court other than the Supreme Court can make rules governing the procedure in other courts. The rule sought to be fashioned by the Court of Criminal Appeals would apply to the Court of Appeals and to this Court. Thus, the action of the Court of Criminal Appeals in amending T.R.A.P. 10 was without authority and is overruled.

---

1. This statutory provision was repealed, effective July 1, 1979, by 1979 Tenn. Pub. Acts, ch. 399 § 1.

■ Further, it is our opinion that no oversight was involved in the failure to prescribe a time limitation for filing a T.R.A.P. 10 application, as suggested by the Court of Criminal Appeals. Most actions that give rise to T.R.A.P. 10 applications are of such a character that the application is filed and pursued immediately, lest the issue be rendered moot except for its possible viability on appeal from final judgment. T.R.A.P. 10 applications may be denied by the appellate courts, if not pursued within a reasonable time, in the particular circumstances of the case, but we do not deem it appropriate to impose a rigid time limitation on such applications.

The State's erroneous pursuit of improper remedies prior to trying the correct and last one available is regretable and if any reasonable sanction was available, other than assessment of costs, it would be imposed. However, failing to reach the merits of the issue presented would merely continue to thwart justice and delay the ultimate disposition of this case.

## II.

T.R.Crim.P. 5(e) governs preliminary hearings and reads as follows:

"Any defendant arrested prior to indictment or presentment for any offense, whether misdemeanor or felony, except small offenses, shall be entitled to a preliminary hearing upon his request therefor, whether the grand jury of the county be in session or not. If the defendant is indicted during the period of time in which his preliminary hearing is being continued, or at any time before accused has been afforded a preliminary hearing *on a warrant*, whether at his own request or that of the prosecutor, he may dismiss the indictment upon motion to the Court. Provided, however, that no such Motion to Dismiss shall be granted after the expiration of thirty days from the date of the defendant's arrest." (Emphasis added.)

■ The emphasized portion of Rule 5(e) contemplates that the preliminary hearing must proceed on some sort of warrant or formal charge lodged against the defendant. Rule 5(a) further supplies support for this requirement. That rule covers two possible situations: first, in cases in which a defendant is arrested *upon a warrant,* he is to be taken to the nearest appropriate magistrate "from which the warrant for arrest issued" in order to enter his initial plea and for appropriate disposition under Rules 5(b) and (c); and second, in those situations where an arrest has taken place *without* a warrant, the defendant is to be brought before the magistrate so that an *affidavit of complaint* can be filed against him or her.

Obviously, Rule 5(e) contemplates that one of these two procedures has or will take place either before or after a person is "arrested." Rule 5(e) does not apply to those situations where individuals are "arrested" without a warrant, or are merely taken into custody by the police or other authorities for the purpose of routine questioning, and are thereafter unconditionally released without being taken before a magistrate and without an affidavit of complaint being filed against them.

Our holding herein is neither new nor inconsistent with prior decisions of this Court. The Committee Comment to Rule 5 states as follows:

"Rule 5(e) simply carries over into the Rules the same conditional right to a preliminary hearing now embodied in T.C.A. § 40–1131 [now repealed]. It was not the intention of the Commission to enlarge or diminish that conditional right; therefore, the body of case law which has been developed in connection with the statute retains its precedential value. *Waugh v. State,* 564 S.W.2d 654, Tenn.1978."

In the *Waugh* decision the facts were that defendant had been arrested and granted a preliminary hearing. That hearing, however, was not properly conducted because the State had utilized evidence that would not be legally competent and admissible at trial. The trial judge, therefore, dismissed the bind-over order to the Grand Jury. This Court held that this decision

was correct and had the effect of terminating the criminal proceedings against defendant. The Grand Jury then instigated new proceedings by issuing an indictment against the defendant. Defendant's position was that he was entitled to a preliminary hearing at that point, but this Court held otherwise. The Court stated as follows:

> "It is our opinion that the statute, T.C.A. § 40–1131, entitles the defendant to a preliminary hearing *only in proceedings which begin with the arrest, with or without a warrant, of the defendant*; when proceedings begin with a presentment or on indictment without the accused being in custody or upon bail for the offense charged, the defendant is not entitled to a 'preliminary' hearing." (Emphasis added.) (Citations omitted.) 564 S.W.2d at 660.

The holding of *Waugh* is equally applicable under present Rule 5(e). Defendants against whom prosecution is initiated by "arrest", with or without a warrant, are entitled to a preliminary hearing. If, however, they are arrested without a warrant having previously been issued, Rule 5(a) clearly contemplates that normally they will, "without unreasonable delay," be taken before a magistrate so that formal charges can be lodged against them by the filing of an affidavit of complaint. Without this follow-up procedure, the criminal prosecution terminates and so does the right to a preliminary hearing. The decision in the present case to release unconditionally the defendants after their arrest was as much a termination of the criminal proceedings against them as was the dismissal of the bind-over order and the release of the defendant in *Waugh*; for purposes of preliminary hearing rights, such procedure had the effect of nullifying the prior "arrests" as if they had never taken place. Without formal charges being lodged against defendants, and without their incarceration or release on bond, the State ran the risk that they would unceremoniously "depart from the jurisdiction." *Vaughn v. State*, 557 S.W.2d 64, 65 (1977).

Defendants further argue that the language used in the *search* warrants converted these warrants into valid *arrest* warrants, thus entitling defendants to a preliminary hearing. We disagree. The language used in the search warrants stated simply that the authorities were to "arrest person or persons found violating the law in connection with" the gambling devices. This language falls far short of that needed for valid arrest warrants, and is nothing more than a command for the arresting officers to do what they were already empowered to do, that is, to arrest persons whom they observed violating the law. To become a valid arrest warrant, Rule 4(b)(1) and (c)(1) require that the warrant shall

> "be signed by the magistrate or clerk, shall contain the name of the defendant or, if his name is unknown, any name or description by which he can be identified with reasonable certainty, and shall show the county in which the warrant was issued. It shall describe the offense charged in the affidavit of complaint. It shall command that the defendant be arrested and brought before the nearest appropriate magistrate from which the warrant for arrest issued."

The search warrants used in these cases did not approach the specificity that is required of valid arrest warrants and cannot be said to be the initiation of formal charges against these defendants.

The decisions of both the Court of Criminal Appeals and the trial court are reversed and these cases are remanded to the trial court for trial on the original presentments without the intervention of preliminary hearings. Costs of this appeal are assessed against the State of Tennessee.

HARBISON, C. J., BROCK and DROWOTA, JJ., and DAVIS, Special Justice, concur.