# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs June 29, 2010

## JAMES M. FLINN v. STATE OF TENNESSEE

### Appeal from the Roane County Criminal Court
### No. 13842    E. Eugene Eblen, Judge

### No. E2008-02291-CCA-R3-CD - Filed December 30, 2010

The Appellant, James M. Flinn, appeals from the Roane County Criminal Court's denial of his pro se "Motion for Preliminary Examination or Probable Cause Hearing" and his pro se "Motion to Suppress and Return Items Seized Pursuant to Search Warrant and Warrantless Searches." On appeal, the Appellant contends that the trial court erred in denying his motions because (1) he was entitled to a preliminary hearing in the Roane County Criminal Court to determine if police had probable cause to detain him and (2) the Roane County Criminal Court had exclusive jurisdiction over his motion to suppress and return property obtained during the search of his home. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

James M. Flinn, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Russell Johnson, District Attorney General; and Frank Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case relates to the killing of Greig Beggs in his Anderson County home, the Appellant's subsequent detention by police, and a search of his Roane County home. According to the motions filed by the Appellant in the Circuit Court for Roane County, on July 21, 2005, officers detained the Appellant and transported him to the Roane County Sheriff's Department for questioning. The Appellant states that the officers released him a few hours later without taking him before a magistrate or filing charges against him. That

evening, officers obtained a search warrant from a Roane County magistrate and searched the Appellant's home for evidence relating to the killing of Mr. Beggs. The Appellant states that various items were seized from his home by members of the Rockwood Police Department and the Roane County Sheriff's Department. The Appellant was indicted on February 7, 2006, in Anderson County for the murder of Mr. Beggs. The State sought to use the items seized from the Appellant's Roane County home in the criminal prosecution in Anderson County. Counsel for the Appellant in the Anderson County criminal case filed a motion to suppress the items seized from the Appellant's home. On January 15, 2008, the Anderson County Criminal Court granted the motion to suppress.

On April 22, 2008, the Appellant initiated the proceedings below by filing his pro se motions in the Circuit Court for Roane County. The case was transferred to the criminal court docket of Roane County. The Roane County Criminal Court denied the Appellant's motion for a preliminary hearing on the ground that it lacked jurisdiction to hold such a hearing because the Appellant was never charged in Roane County. The trial court denied the Appellant's motion seeking the suppression and return of seized items on grounds that the Anderson County Criminal Court had already ruled on the Appellant's motion to suppress and that the Anderson County criminal case remained pending. The trial court reasoned that "the possibility still exist[ed] that such items could be used in rebuttal or under other specific circumstances as allowed by law." The trial court transferred further consideration of the matters to the Anderson County Criminal Court. This appeal followed.

## I

The Appellant contends that the trial court erred in denying his motion for a preliminary hearing. He argues that Rule 5 of the Tennessee Rules of Criminal Procedure entitled him to a hearing to determine if his detention was supported by probable cause and that his motion was properly before the trial court because his warrantless detention occurred in Roane County. The State contends that the trial court properly denied the Appellant's motion because he had no charges pending against him in Roane County. We hold that the motion was properly denied because the Appellant was not entitled to a preliminary hearing.

Rule 5(e) of the Tennessee Rules of Criminal Procedure states, "Any defendant arrested or served with a criminal summons prior to indictment or presentment for a misdemeanor or felony, except small offenses, is entitled to a preliminary hearing." If police arrest a defendant without obtaining an arrest warrant and formal charges have not previously been filed, the defendant must be taken "without unnecessary delay before the nearest appropriate magistrate of . . . the county in which the alleged offense occurred" so that the defendant can be formally charged by the filing of an affidavit of complaint. Tenn. R. Crim. P. 5(a). If a defendant is not taken before a magistrate for the filing of formal charges, "the

criminal prosecution terminates and so does the right to a preliminary hearing." State v. Best, 614 S.W.2d 791, 795 (Tenn. 1981). "Rule 5(e) does not apply . . . where individuals are 'arrested' without a warrant, or are merely taken into custody by the police . . . and are thereafter unconditionally released without being taken before a magistrate and without an affidavit of complaint being filed against them." Id. at 794.

The record reflects that the Appellant was detained and taken to the Roane County Sheriff's Department for questioning. He was unconditionally released a few hours later without being brought before a magistrate, and an affidavit of complaint was not filed against the Appellant. Rule 5(e) did not apply, and the Appellant did not have a right to a preliminary hearing in the Roane County Criminal Court. The Appellant is not entitled to relief on this issue.

## II

The Appellant contends that the trial court erred in denying his motion to suppress and return seized items of property. He argues that the Roane County Criminal Court had exclusive jurisdiction over his motion because the search of his home was performed in Roane County pursuant to a search warrant issued by a Roane County magistrate. He also argues that the Anderson County Criminal Court did not have jurisdiction to rule on his motion to suppress. The State contends that the trial court properly denied the Appellant's motion. We agree with the State.

Rule 41 of the Tennessee Rules of Criminal procedure states that "A person aggrieved by an unlawful or invalid search or seizure may move the court pursuant to Rule 12(b) to suppress any evidence obtained in the unlawful search or seizure. If property was unlawfully seized, the aggrieved person may move for the return of the property." See Tenn. R. Crim. P. 41(g). The Committee Comments to this section state that a motion to suppress or return property applies "to courts of record of general criminal trial jurisdiction such as Circuit and Criminal Courts."

The Anderson County Criminal Court obtained jurisdiction over the prosecution of the Appellant on February 7, 2006, after he was indicted in Anderson County for the murder of Mr. Beggs. See State v. Penley, 67 S.W.3d 828, 834 (Tenn. Crim. App. 2001) (Apart from setting the conditions of bail, appointing counsel, and conducting hearings on the right to a speedy trial, "the trial court's jurisdiction to act . . . is commenced when the charging instrument issues and is returned to the trial court."). The Anderson County Criminal Court had jurisdiction to rule on the Appellant's motion to suppress because such motions are not exclusively conferred by law on some other tribunal. See T.C.A. § 40-1-108 (2006). Additionally, we note that by granting a person the ability to move "the court" to suppress

and return illegally obtained evidence, Rule 41 of the Tennessee Rules of Criminal Procedure contemplates that the court hearing the criminal case is the proper forum in which to seek the suppression and return of evidence. Because the Appellant's prosecution was pending in Anderson County at the time of the instant motion, it was the only court with authority to rule on the motion. We hold that the trial court did not err by denying the Appellant's motion.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE