**STATE of Tennessee**

v.

**Roy Anthony FERRANTE.**

Supreme Court of Tennessee,
at Knoxville.

Sept. 4, 2008 Session.

Oct. 28, 2008.

Steven Oberman, Sara Compher–Rice, and Richard L. Gaines, Knoxville, for the appellant, Roy Anthony Ferrante.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael E. Moore, Solicitor General; Leslie E. Price, Assistant Attorney General; Steven R. Bebb, District Attorney General; and Michelle McFadyen, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

CORNELIA A. CLARK, J., delivered the opinion of the court, in which JANICE M. HOLDER, C.J., and WILLIAM M. BARKER, GARY R. WADE, and WILLIAM C. KOCH, JR., JJ., joined.

We granted permission to appeal to determine whether a criminal defendant's appearance in court is sufficient to commence a prosecution for purposes of tolling the statute of limitations where the purported charging instrument is void ab initio. We hold that a defendant's appearance in court following the issuance of an affidavit of complaint that is void from inception does not toll the running of the statute of limitations. The fatal deficiencies in the affidavit of complaint in this case were not overcome until after the limitations period had expired. Accordingly, the Defendant's motion to dismiss the charge against him in this case must be granted. The judgment of the Court of Criminal Appeals reinstating the charge against the Defendant is reversed, and the charge against the Defendant is dismissed.

## FACTUAL AND PROCEDURAL

## BACKGROUND[1]

On August 15, 2004, Bradley County Sheriff's Deputy John Cochran arrested the Defendant, Roy Anthony Ferrante, for driving under the influence of an intoxicant ("DUI") after Deputy Cochran observed the Defendant's vehicle swerving over the white line. Because the Defendant consented to a blood draw, Deputy Cochran transported him first to "Bradley ER" and then to the Bradley County Justice Center. That same day, Deputy Cochran swore out his affidavit of complaint before Deputy Clerk Norma Hodgson, and they both signed it. The State has conceded that Deputy Clerk Hodgson was not capable of making a probable cause determination at the time she signed Deputy Cochran's affidavit of complaint against the Defendant.[2]

The next day, August 16, 2004, the Defendant appeared in Bradley County General Sessions Court. The judge read the affidavit of complaint and determined that it sufficiently stated probable cause when he arraigned the Defendant.[3] The record does not contain a transcript of the Defendant's arraignment. The judge did not sign the affidavit of complaint, issue a warrant for the Defendant's arrest, or issue a summons for the Defendant's appearance.

The Defendant and/or his counsel subsequently appeared in general sessions court "on dates set for preliminary hearing." It appears that the case was continued at each of these appearances.[4] The record contains no documents generated by or in conjunction with any of these appearances.

On August 23, 2005, over one year after his arrest, the Defendant filed a motion asking the general sessions court to dismiss the DUI charge on the basis that the "arrest warrant" was void because Deputy Clerk Hodgson, who signed the affidavit of complaint, "was not capable of making the probable cause determination."[5] The Defendant argued his motion to the general sessions judge in September 2005. The judge denied the Defendant's motion to dismiss.

In conjunction with denying the Defendant's motion in September 2005, the general sessions judge had Deputy Cochran reexecute the affidavit of complaint under oath. The judge then conducted the preliminary hearing, determined the existence of probable cause, and signed and issued an arrest warrant. The Defendant was

---

1. Because the record contains no live testimony regarding the Defendant's arrest and subsequent events, we have gleaned the relevant history of this proceeding from various documents in the record.

2. We accept the State's concession on the basis of Deputy Clerk Hodgson's sworn statements that, as of the time she signed the affidavit of complaint, she had "no legal training regarding making a determination of 'probable cause'" and did not "know or understand the legal definition of 'probable cause.'"

3. These recitations are included in a written memorandum entered by the general sessions judge in September 2005, over a year after the Defendant was arrested.

4. According to the Defendant's application for permission to appeal to this Court,
    [f]ollowing the August 15, 2004, arrest and the August 16[sic], 2004, issuance of an Affidavit of Complaint signed by Deputy Clerk Norma Hodgson, the case was set for preliminary hearing on dates throughout the rest of 2004 and the first half of 2005. [The Defendant] and [the Defendant's] attorney, appeared on dates set for preliminary hearing in the General Sessions Court for Bradley County, Tennessee. At each setting, the case was postponed. The case was continued for over one year.
    The State does not contest these averments.

5. We note that the record contains no document purporting to be an "arrest warrant" issued in 2004, and no one contends that one was executed or issued then.

bound over to the grand jury and subsequently indicted on two alternative charges of a single DUI offense.

The Defendant appealed from the general sessions court's denial of his motion to dismiss. The Defendant argued to the criminal court that the affidavit of complaint was void ab initio and could not be cured by the September 2005 actions of the general sessions judge because those actions occurred after the one-year statute of limitations had run.[6] After hearing argument by counsel for the Defendant and the State, the criminal court agreed with the Defendant and dismissed the charge.[7] The State appealed to the Court of Criminal Appeals. The intermediate appellate court reversed the criminal court and reinstated the charge. We granted the Defendant's application for permission to appeal.

## STANDARD OF REVIEW

The facts of this case are not in dispute. Rather, our disposition of this case rests on our construction of certain statutes and rules of procedure. We review issues of statutory construction de novo with no presumption of correctness attaching to the rulings of the courts below. *State v. Edmondson*, 231 S.W.3d 925, 927 (Tenn.2007). The same standard of review applies to our interpretation of Tennessee's Rules of Criminal Procedure. *See Green v. Moore*, 101 S.W.3d 415, 418 (Tenn.2003).

## ANALYSIS

### *Applicable Statute of Limitations*

The DUI offense for which the Defendant was arrested is a misdemeanor. Tenn.Code Ann. §§ 55–10–403(a)(1) (2004); 39–11–110 (2003). The period within which prosecution must commence for this misdemeanor offense is one year. *Id.* § 40–2–102(a) (2003); *see State v. Messamore*, 937 S.W.2d 916, 918 (Tenn.1996). As our Court of Criminal Appeals has recognized, the statute of limitations applies to the period elapsing between the commission of the offense and the date that prosecution begins. *State ex rel. Lewis v. State*, 1 Tenn.Crim.App. 535, 447 S.W.2d 42, 43 (Tenn.Crim.App.1969). "The purpose of a statute of limitations is to protect a defendant against delay and the use of stale evidence and to provide an incentive for efficient prosecutorial action in criminal cases." *State v. Nielsen*, 44 S.W.3d 496, 499 (Tenn.2001). This Court construes statutes of limitation liberally in favor of the criminally accused. *State v. Henry*, 834 S.W.2d 273, 276 (Tenn.1992)

---

6. During oral argument, the criminal court judge questioned the lapse of over a year between the Defendant's arrest and the preliminary hearing. Defense counsel stated that "[t]he State had requested multiple postponements of the case." The prosecutor responded that "there were issues that came up with [the Defendant's] representation, and they were not all continuances made by the State."

7. The criminal court carefully reviewed what it aptly characterized as the "scant evidence contained in the procedural history of this case" and voiced specific concern over the record's silence "as to how long the defendant remained in jail before his release, as to the amount set for his bond, and as to when he made the bond." The court continued:

"The record is also silent as to why a misdemeanor D.U.I. case languished in sessions court for well over a year before any action was taken by the state to prosecute the case." The court also reviewed carefully the applicable Rules of Criminal Procedure. After noting that "no arrest warrant was issued contemporaneously with the affidavit of complaint" and that "[s]uch a practice of not issuing a warrant ... begs some rather important questions," the court correctly concluded that the charge against the Defendant had to be dismissed because of the State's failure to "comply with the requirements of" Tennessee Rules of Criminal Procedure 3, 4 and 5.

(citing *United States v. Marion*, 404 U.S. 307, 322 n. 14, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)).

It is undisputed in this case that the date of the alleged offense is August 15, 2004. Absent tolling, the statutory limitations period therefore expired on August 14, 2005, a few days before the Defendant filed his motion to dismiss. This case requires us to determine whether the State commenced its prosecution against the Defendant before the limitations period expired.

### Commencement of Prosecution

Tennessee Code Annotated section 40–2–104 provides that

[a] prosecution is commenced, within the meaning of this chapter [titled Limitation of Prosecutions], by finding an indictment or presentment, the issuing of a warrant, binding over the offender, by the filing of an information . . . , or *by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any purpose involving the offense.*

Tenn.Code Ann. § 40–2–104 (2003) (emphasis added). It appears that the State attempted to commence its prosecution in this case by issuing the affidavit of complaint, as the record contains no other document issued at or around the time of the Defendant's arrest.

### Applicable Rules of Criminal Procedure [8]

The Defendant does not contest the legality of his initial warrantless arrest. Rather, he contests the validity of the State's subsequent actions in light of the

requirements of our Rules of Criminal Procedure, which "govern the procedure in all criminal proceedings conducted in all courts of record in Tennessee," Tenn. R.Crim. P. 1, and, additionally, "govern procedure in the General Sessions Courts of the state to the extent of: (a) [t]he institution of criminal proceedings pursuant to Rules 3, 3.5, and 4; [and] (b) [t]he disposition of criminal charges pursuant to Rule 5," Tenn. R.Crim. P. 1(a)-(b).

When a person is arrested without a warrant, he "shall be taken without unnecessary delay before the nearest appropriate magistrate," and "an affidavit of complaint shall be filed forthwith." Tenn. R.Crim. P. 5(a). Indeed, this Court has determined that Rule 5(a) "clearly contemplates" that a person arrested without a warrant will "be taken before a magistrate so that *formal charges* can be lodged against them by the filing of an affidavit of complaint." *State v. Best*, 614 S.W.2d 791, 795 (Tenn.1981) (emphasis added).

▉ Tennessee Rule of Criminal Procedure 3 addresses affidavits of complaint and provides as follows:

The affidavit of complaint is a written statement alleging that a person has committed an offense and alleging the essential facts constituting the offense charged. The affidavit of complaint *shall* be made upon oath before a magistrate or a neutral and detached court clerk *who is capable of the probable cause determination required by Rule 4.*

Tenn. R.Crim. P. 3 (emphases added). As explained by the Advisory Commission Comments to Rule 3:

This rule governs what must be done to secure the issuance of an arrest war-

---

**8.** We refer to the text of the 2004 version of the Tennessee Rules of Criminal Procedure. We deem the minor textual changes that have

since been made to the cited provisions insignificant for the purposes of our holding in this case.

rant.... It is important that any clerk issuing an arrest warrant know and fully appreciate the legal significance of the fact that it is a judicial function which is being performed. *The validity of the warrant depends upon the making of a probable cause determination;* a warrant must never be issued as a mere ministerial act done simply upon application. Moreover, *a valid warrant can be issued only by one who is neutral and detached and capable of making a probable cause determination.*

Tenn. R.Crim. P. 3, Advisory Comm'n Cmts. (emphases added). Thus, a probable cause determination is a necessary prerequisite to the issuance of a valid warrant.

▮ Tennessee Rule of Criminal Procedure 4 sets forth the requisites for the issuance of a warrant:

If it appears from the affidavit of complaint or supporting affidavits filed with the affidavit of complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant *shall be issued* by a magistrate or clerk to any officer authorized by law to execute it, or a criminal summons for the appearance of the defendant shall issue in lieu thereof.

Tenn. R.Crim. P. 4(a) (emphasis added); *see also* Tenn.Code Ann. § 40–6–205 (Supp.2004). Significantly, the Advisory Commission Comments to Rule 4 provide that "[w]herever the words 'magistrate' and 'clerk' appear in Rule 4, they are to be understood as being qualified by the words 'who is neutral and detached *and who is capable of the probable cause determination required by this rule.*'" Tenn. R.Crim. P. 4, Advisory Comm'n Cmts.

(emphasis added). Rule 4 makes clear that a warrant may issue only upon an affidavit of complaint *and* a finding of probable cause by a person capable of making that determination.

▮ In cases such as this one where the defendant has already been taken into custody, the purpose of the warrant is to serve as the charging instrument. *See* Tenn. R.Crim. P. 4, Advisory Comm'n Cmts. (noting that an arrest warrant issued after the defendant has already been taken into custody "still serves as the official charging instrument, issued after a judicial finding of probable cause, and gives notice of the charge which must be answered"); [9] *see also Jones v. State,* 206 Tenn. 245, 332 S.W.2d 662, 667 (1960) (recognizing that "[t]he purpose of a warrant is to give an accused person notice that he is charged with some offense"); Tenn.Code Ann. § 40–6–208(b) (2003) (providing that an arrest warrant "should ... state the offense either by name, or so that it can be clearly inferred"). We reiterate that no warrant or criminal summons was issued in this case prior to September 2005.

### Effect of Void Affidavit of Complaint

▮ Because the affidavit of complaint in this case was not made before a magistrate or a neutral and detached court clerk capable of making a probable cause determination, the affidavit of complaint failed to comply with the mandatory requirements of Rule 3. It was, therefore, void ab initio and ineffective to commence prosecution against the Defendant for his alleged DUI offense on August 15, 2004. *See Best,* 614 S.W.2d at 795 (recognizing that, where a defendant is arrested without a warrant,

---

9. The general sessions judge was therefore incorrect when, in conjunction with denying the Defendant's motion to dismiss, he concluded that Tennessee Rules of Criminal Procedure 3 and 4 "have no meaning" where a defendant is legally arrested without a warrant.

the failure to obtain an affidavit of complaint terminates the prosecution).

The State, following the lead of the intermediate appellate court, argues that the Defendant's prosecution in this case was nevertheless commenced within the one-year limitations period because the Defendant and/or his counsel appeared in court prior to August 15, 2005, thereby satisfying the requirements of Tennessee Code Annotated section 40–2–104. The Defendant contends to the contrary and asserts in his reply brief before this Court that the Court of Criminal Appeals erred in relying upon the language in Tennessee Code Annotated section 40–2–104 under the facts of this case,[10] arguing that "an appearance" "must be based on a *valid* charging instrument, not a void one." In support of his contention, the Defendant makes a compelling argument:

> If [the Court of Criminal Appeals' application of section 40–2–104] is allowed to stand, once the Defendant or counsel enters the courtroom, any and all challenges to an illegal charging instrument are then forfeited. Of course, if the Defendant does *not* appear in court he is subject to forfeiture of his bond and re-arrest, at which time his forced appearance before the court would also cause forfeiture of his challenge to an illegal charging instrument. Accepting the lower court's interpretation renders Tennessee Rule of Criminal Procedure 5(a) not only unenforceable, but moot.

As recited above, a prosecution may be commenced so as to toll the running of the limitations period upon the defendant's making an appearance in general sessions court "for the purpose of continuing *the matter*" or "for any purpose involving *the offense.*" Tenn.Code Ann. § 40–2–104 (emphases added). This Court has previously recognized that section –104 provides for the commencement of a prosecution by several methods, "all deemed to provide the defendant with sufficient notice of the crime." *State v. Tait,* 114 S.W.3d 518, 522 (Tenn.2003). Thus, the terms "the matter" and "the offense" as used in the last clause of section –104 necessarily refer to a crime *that has been charged.* "A lawful accusation is an essential jurisdictional element of a criminal trial, without which there can be no valid prosecution." *State v. Morgan,* 598 S.W.2d 796, 797 (Tenn.Crim.App.1979); *see also Myers v. State,* 577 S.W.2d 679, 681 (Tenn.Crim.App.1978) (holding that, where a municipal court's records reflected a "total absence of any sort of charging document . . . the city judge had no jurisdiction to entertain the defendant's plea and . . . the resulting judgment must be considered void").

This Court has long recognized that, "prior to formal accusation, [a] defendant's rights are protected by the statute of limitations." *State v. Baker,* 614 S.W.2d 352, 354 (Tenn.1981) (citing *United States v. Lovasco,* 431 U.S. 783, 789, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), and *Marion,* 404 U.S. at 322–23, 92 S.Ct. 455). Accordingly, we hold that a defendant's court appearance may serve to commence a prosecution under section 40–2–104 so as to toll the statute of limitations only where that appearance is made in response to an offense that has been charged.

The only purported charging instrument contained in the record before us

---

10. In addition to relying on the language of Tennessee Code Annotated section 40–2–104, the Court of Criminal Appeals relied on *State v. Kirk,* 613 S.W.2d 485 (Tenn.Crim.App. 1980), in support of its holding that the Defendant's court appearances served to commence his prosecution for the alleged DUI offense so as to toll the statute of limitations. To the extent that *Kirk* is contrary to our holding today, it is hereby overruled.

that was issued prior to the expiration of the limitations period is the affidavit of complaint. We have determined that the affidavit of complaint was void ab initio. It did not, therefore, serve to charge the Defendant with any offense. *See State v. Wilson,* 6 S.W.3d 504, 507 (Tenn.Crim. App.1998) (recognizing that "[u]nder Tennessee law, if a warrant does not meet procedural and constitutional requirements, it is [void]"). Because the Defendant had not been charged with any offense, his appearances in court were not "for the purpose of continuing the matter" or "for any purpose involving the offense" within the meaning of section –104. Accordingly, his appearances did not serve as a commencement of the prosecution for purposes of tolling the statute of limitations. *See Wilson,* 6 S.W.3d at 507 (recognizing that "[a] void warrant invalidates all subsequent proceedings emanating from the warrant") (citing *State v. Campbell,* 641 S.W.2d 890 (Tenn.1982)).

The only "non-void" charging instruments contained in the record on appeal in this case were issued more than one year after the alleged offense occurred and therefore after the limitations period had expired: the general sessions court issued an arrest warrant in September 2005 (after the judge had the arresting officer reexecute his affidavit of complaint and then finding the necessary probable cause to issue the warrant), and the grand jury issued an indictment subsequent to that. Because the limitations period had expired before these instruments were issued, they are of no force or effect for prosecuting the Defendant for the DUI offense he allegedly committed in August 2004.

In sum, the State failed to charge the Defendant with a crime until after the limitations period had expired. Accordingly, the State is time-barred from pursuing this prosecution.

## CONCLUSION

A criminal defendant's appearance in court upon a purported charging instrument that is void ab initio does not serve to commence a prosecution under Tennessee Code Annotated section 40–2–104 so as to toll the running of the statute of limitations. The State did not commence its prosecution against the Defendant in this case until after the one-year limitations period had expired. The Defendant is therefore entitled to a dismissal of the charge against him. The judgment of the Court of Criminal Appeals is reversed, the judgment of the criminal court is affirmed, and the charge against the Defendant is dismissed.