# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
April 17, 2013 Session

## STATE OF TENNESSEE v. MICHAEL J. FRYAR

**Appeal from the Criminal Court for Sumner County**
**No. 758-2011      Dee David Gay, Judge**

**No. M2012-01544-CCA-R3-CD   Filed 06/07/2013**

The defendant, Michael J. Fryar, appeals a certified question of law from the Sumner County Criminal Court, where he pleaded guilty to aggravated burglary. Because the prosecution of the aggravated burglary charge began before the expiration of the applicable statute of limitations, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Russell Edwards, Hendersonville, Tennessee, for the appellant, Michael J. Fryar.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Bryna Grant, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On August 9, 2002, arrest warrants issued charging the defendant with aggravated burglary and theft of property valued at less than $500. The defendant was not arrested until July 2011, and, in September 2011, the Sumner County Grand Jury returned a three-count indictment charging the defendant with one count of aggravated burglary and two counts of theft of property valued at less than $500. The defendant sought dismissal of all the charges on grounds that they were barred by the applicable statutes of limitations. Specifically, he argued that the misdemeanor theft charges were barred because the arrest warrants were not executed within the five-year time limit provided by Code section 40-6-206, *see* T.C.A. § 40-6-206 ("In a misdemeanor case, if a process, warrant, precept or

summons has not been served, returned or quashed within five (5) years from the date of its issuance, the process, warrant, precept or summons shall be automatically terminated and removed from the records."), and that the aggravated burglary charge was time-barred because, although the arrest warrant was issued within the applicable statute of limitations, the warrant was void because the court clerk who signed the warrant "was not capable of making a probable cause determination."

The court held a hearing on January 27, 2012, to hear argument on the issues and testimony from Sumner County General Sessions Court Deputy Clerk Sindy Jones Moore. Ms. Moore testified that she began work as a deputy clerk in 1999 and that she signed the warrant for the defendant's arrest on August 9, 2002. She said that she signed the warrant after the affiant, a police officer, "swore to [her] that this information was true and correct" and after she concluded that "he had all the proper information included in the warrant."

Ms. Moore explained that, before they are permitted to sign arrest warrants, deputy clerks "take extensive time to be trained by . . . superior Clerks in the Court" and that "[t]hat's what was done in this case." She said that they "learn by observing and knowing what we're supposed to look for and what we're not" when issuing warrants. She acknowledged that she had never received training from a person with a law degree. She also admitted that she did not know the legal definition of probable cause, but she explained, "I know that it means that you need enough cause; you need enough evidence written in the warrant to back up why you are charging that person." She said that she "read the warrant, and based on common sense and information included in the warrant, there was enough probable cause based on what that officer wrote" to issue the warrant.

During cross-examination by the State, Ms. Moore testified that she trained on the job for "a long time" before she was permitted to issue warrants. She also said that she was trained to seek assistance from a supervisor or the district attorney if she had any question about whether there was probable cause to issue the warrant.

On February 8, 2012, the trial court issued an order dismissing the misdemeanor theft charges on grounds that the warrant had expired before it was executed. With regard to the aggravated burglary, however, the court concluded that Ms. Moore "had training and experience that gave her enough competence to make a probable cause determination" and refused to dismiss that charge. On April 5, 2012, the defendant entered a plea of guilty to the remaining charge of aggravated burglary.

On April 27, 2012, prior to the entry of the judgment in this case, the trial court entered an order reflecting that the defendant had entered "a conditional plea which

specifically reserves a certified question of law for appellate review pursuant to Rules 11(a)(3) and 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure." The order provided that the parties and the court agreed that the question, "[w]hether count two of the indictment should be dismissed as being time-barred pursuant to the applicable statute of limitations," was dispositive of the case. Although the reserved issue could have been more narrowly drawn, we discern that the question was properly framed and reserved pursuant to Tennessee Rule of Criminal Procedure 37(b), and we examine the defendant's claim.

A prosecution for aggravated burglary, a Class C felony, *see* T.C.A. § 39-13-402(b), must commence within four years of the date of the offense, *see id.* § 40-20-101(b)(3). Code section 40-20-104 provides:

> A prosecution is commenced, within the meaning of this chapter, by finding an indictment or presentment, the issuing of a warrant, the issuing of a juvenile petition alleging a delinquent act, binding over the offender, by the filing of an information as provided for in chapter 3 of this title, or by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any purpose involving the offense.

*Id.* § 40-2-104.

Here, an arrest warrant issued on August 9, 2002, alleging that the defendant had committed the offense of aggravated burglary on April 3, 2002. The defendant contends, however, that the warrant was void *ab initio* because the court clerk who signed the warrant was not qualified to make a probable cause determination.

Before an arrest warrant can be issued, an affidavit of complaint alleging "the essential facts constituting the offense charged" must be made "in writing" and presented to "a magistrate or a neutral and detached court clerk authorized by Rule 4 to make a probable cause determination." Tenn. R. Crim. P. 3. "If the affidavit of complaint and any supporting affidavits filed with it establish that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate or clerk shall issue an arrest warrant . . . ." Tenn. R. Crim. P. 4. Code section 40-6-214 gives the "[c]lerks of courts of general sessions and their duly sworn deputies" the "jurisdiction and authority, concurrent with that of the judges of the general sessions court, to issue warrants for the arrest of persons." T.C.A. § 40-6-214. Only those clerks who are "'*neutral and detached and capable of making a probable cause determination*,'" however, may issue arrest warrants

under the terms of Rule 4. *State v. Ferrante*, 269 S.W.3d 908, 913 (Tenn. 2008) (quoting Tenn. R. Crim. P. 4, Advisory Comm'n Comments). Thus, "a warrant may issue only upon an affidavit of complaint and a finding of probable cause by a person capable of making that determination." *Ferrante*, 269 S.W.3d at 913.

In *Ferrante*, the State conceded that the clerk who had signed Ferrante's arrest warrant "was not capable of making a probable cause determination," *id.* at 910, and the supreme court accepted "the State's concession on the basis of [the clerk's] sworn statements that, as of the time she signed the affidavit of complaint, she had no legal training regarding making a determination of probable cause and did not know or understand the legal definition of probable cause," *id.* at 910 n. 2 (internal quotation marks omitted). In this case, however, Ms. Moore acknowledged that she had no legal training but stated that she underwent on-the-job training for "a long time" before she was permitted to issue warrants. Although she could not recite the legal definition of probable cause, Ms. Moore evinced a common sense understanding of probable cause and a clear understanding of her duty with regard to issuing the warrant. She testified that she understood probable cause to mean that "you need enough evidence written in the warrant to back up why you are charging that person" and that she "read the warrant, and based on common sense and information included in the warrant," determined that "there was enough probable cause based on what that officer wrote" to issue the warrant.

In our view, Ms. Moore's testimony established her as a "neutral and detached" person who was "capable of making a probable cause determination." Consequently, the arrest warrant issued on August 9, 2002, was valid, and that warrant, issued within the four-year statute of limitations, commenced the prosecution in this case in a timely fashion.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE