IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 19, 2015 Session

**STATE OF TENNESSEE v. ANDREW HALL**

**Appeal from the Criminal Court for Roane County**
**No. 2011CR68      Steven Wayne Sword, Judge**

_____

**No. E2014-01710-CCA-R3-CD – Filed November 9, 2015**

_____

Following a jury trial, Defendant, Andrew Hall, was found guilty of driving under the influence of intoxicants (DUI). He had been charged in the same indictment with violation of the implied consent law, and the trial court found him guilty of that offense in a bench trial. Prior to the jury trial, Defendant filed a motion to dismiss the charges because no lawful prosecution was initiated within the applicable statute of limitations. After a hearing, the motion was denied. Defendant's sole issue on appeal is that the trial court erred by denying his motion to dismiss. After a thorough review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Kevin C. Angel, Oak Ridge, Tennessee, for the Appellant, Andrew Hall.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Russell Johnson, District Attorney General; and Gregory Eshbaugh, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

There is no transcript or statement of the evidence regarding the hearing on the motion to dismiss. However, the trial court filed a detailed memorandum with findings of fact and conclusions of law supporting its decision to deny the motion to dismiss. Both Defendant and the State cite to the findings of fact made by the trial court as authority for the facts in this case. Thus, we feel the record is adequate to review the

issue presented in this appeal by Defendant. *See State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012)("[W]hen a record does not include a transcript of the hearing on a guilty plea, the Court of Criminal Appeals should determine on a case-by-case basis whether the record is sufficient for a meaningful review."). In his motion, Defendant alleged two reasons that prosecution was not commenced within the applicable statute of limitations period of twelve months. These are, as set forth in the motion to dismiss,

1. The citation in this case is not a proper way to commenc[e] a case in the State of Tennessee. *See Tennessee Code Annotated § 40-2-104 (listing the ways that a prosecution can be commenced in the State of Tennessee).* [sic]

2. There has been no probable cause finding within the applicable statute of limitations; therefore, the Defendant is immune from prosecution at this point. *See State v. Ferrante*, *269* [S].W.3d *908* (Tenn. 2008).

From the trial court's "Findings of Facts and Conclusions of Law" and other portions of the record, we glean the following facts in this case. According to the narrative in the uniform citation, on March 6, 2010, Sergeant Dennis Smith of the Tennessee Highway Patrol observed Defendant driving a Chevrolet S-10 pickup truck on Highway 61 in Oliver Springs. Defendant was swerving and drove the vehicle outside of the lane of travel on the right side. Defendant then swerved to the left and crossed the center line of the highway. Sergeant Smith stopped Defendant and observed Defendant to have an odor of alcohol on his "mouth and person." Defendant's speech was "somewhat" slurred, and he admitted to having drunk "4 to 5 glasses of wine." After Defendant performed a series of field sobriety tests, Sergeant Smith concluded that Defendant's ability to operate a motor vehicle was impaired. Defendant refused to submit to a test to determine the alcohol content of his blood after Sergeant Smith had informed Defendant of the "Implied Consent Law."

After arresting Defendant for DUI, Sergeant Smith transported Defendant to the Roane County Jail intake center. At the jail, Sergeant Smith filled out a "State of Tennessee Uniform Citation" for each offense. The form named Defendant as the violator, the location of the offense, the county in which the offense occurred, the county in which the citation was issued, a "narrative" of the facts upon which the arrest had been based, Sergeant Smith's signature attesting his oath that the information in the uniform citation was true, and the signature of the magistrate commanding the arrest of Defendant and that Defendant be brought before the nearest appropriate magistrate. The citation also set a court date for April 5, 2010, in the General Sessions Court of Roane County.

Defendant was promptly arraigned by the magistrate on the night of Defendant's arrest. Defendant was bound over to the Grand Jury by the General Sessions Court on

March 31, 2011, more than twelve months after his arrest on March 6, 2010, and he was indicted by the Grand Jury on June 20, 2011.

On appeal, Defendant challenges the trial court's decision to deny the motion to dismiss by arguing that the uniform citation "did not contain a finding of probable cause," and that "[a]n officer issuing a citation is not a means of appropriately commencing a prosecution in this State." Defendant asserts that the Uniform Citation in his case does not meet the requirements to be an arrest warrant.

The statute of limitations for the misdemeanor offense of DUI is twelve months. T.C.A. § 40-2-102. Prosecution of the misdemeanor offense of DUI "shall be commenced within the twelve (12) months after the offense has been committed." *Id.* Pursuant to T.C.A. § 40-2-104, one of the ways commencement of a prosecution can be accomplished is by issuance of an arrest warrant.

Defendant states in his brief that "[a]n officer issuing a citation is not a means of appropriately commencing a prosecution in [Tennessee]" pursuant to T.C.A. § 40-2-104. It is correct that issuance of only a "citation" is not listed among the list of methods of commencing a prosecution in T.C.A. § 40-2-104. Defendant's assertion may be correct as to "citations" issued pursuant to T.C.A. §§ 40-7-118 (use of citations in lieu of continued custody of an arrested person) and 40-7-120 (release citations for misdemeanants). However, we must look at the substance of the document labeled in this case as a "State of Tennessee Uniform Citation" to determine if, in fact, the document is an arrest warrant.

T.C.A. § 40-6-201 defines an arrest warrant as "an order, in writing, stating the substance of the complaint, directed to a proper officer, signed by a magistrate, and commanding the arrest of the defendant." In the case *sub judice,* the document labeled "State of Tennessee Uniform Citation" contained the following language directed to Sergeant Smith: "YOU ARE THEREFORE COMMANDED, IN THE NAME OF THE STATE FOREWITH TO ARREST [Defendant] AND BRING THIS PERSON BEFORE ME, OR SOME OTHER MAGISTRATE OF THE COUNTY TO ANSWER THE ABOVE CHARGE." We have set forth above the substance of the factual allegations in the narrative upon which probable cause for DUI was established and sworn to under oath by Sergeant Smith. All requirements of T.C.A. § 40-6-201 for a document to be a valid arrest warrant were met by the document labeled "State of Tennessee Uniform Citation."

Defendant relies upon *State v. Ferrante*, 269 S.W.3d 908 (Tenn. 2008) as authority in support of his assertion that the "Uniform Citation" issued against him the day of his arrest does not qualify as an arrest warrant. Defendant's reliance is misplaced.

In *Ferrante*, our supreme court held that the affidavit of complaint in that case, which was made before a deputy court clerk who was *not* "a neutral and detached court clerk capable of making a probable cause determination," *Ferrante* at 913, was void *ab initio* and thus "ineffective to commence prosecution" *id.*, against the defendant. In *Ferrante*, the supreme court made clear that both a deputy court clerk or a magistrate who issues a warrant must be neutral and detached *and* capable of making a probable cause determination." *Id*.

In Defendant's case, the trial court specifically found that the magistrate "was neutral and detached and capable of the probable cause determination." Defendant does not specifically challenge this finding by the trial court. Instead, Defendant asserts the "Uniform Citation" was void *ab initio* because it fails to make a specific "finding of probable cause, [and] merely contained a signature that the contents had been sworn to under oath." We reject Defendant's argument that the magistrate must specifically state "I find probable cause."

Defendant argues that the "Uniform Citation" document fails to qualify as an arrest warrant because it does not have "a finding of probable cause" as mandated by T.C.A. § 40-6-204. Defendant's argument is misplaced. T.C.A. § 40-6-204 addresses the written "examination" of the law enforcement officer which sets forth facts given by the officer to establish probable cause for an arrest, as is required by T.C.A. § 40-6-203. T.C.A. § 40-6-204 does not require the magistrate to state in the warrant that "I find probable cause exists to authorize arrest of the defendant" or any other similar declaration. Instead, T.C.A. § 40-6-204 merely requires that the written examination mandated in T.C.A. § 40-6-203 set forth the *facts stated* by the affiant which establish probable cause. "The written examination *shall set forth the facts* stated by the affiant or affiants that establish that there is probable cause to believe an offense has been committed and that the defendant committed it." T.C.A. § 40-6-204.

The document labeled "State of Tennessee Uniform Citation" in this case meets all the requirements to be an arrest warrant which are set out in the above discussed statutes and in Rule 3, and 4 of the Tennessee Rules of Criminal Procedure. It was executed the same day that Defendant was arrested, clearly within the statute of limitations. Defendant is not entitled to relief in this case. Accordingly, the judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

4