IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 17, 2016 Session

## STATE OF TENNESSEE v. JANICE DARLENE HELBERT

**Appeal from the Criminal Court for Sullivan County**
**No. S64168   James F. Goodwin, Judge**
_____

**No. E2015-02017-CCA-R9-CD – Filed March 10, 2017**
_____

Defendant, Janice Darlene Helbert, was issued a Uniform Citation of Complaint for the offenses of driving under the influence and following too closely.  The citation included the officer's narrative of the facts underlying the offenses.  The officer also prepared an affidavit of complaint, which he signed under oath before a notary public.  Three days later, the affidavit of complaint was signed by a deputy clerk.  Over one year later, Defendant waived her right to a preliminary hearing and agreed to have her case bound over to the grand jury.  The grand jury subsequently returned a presentment against Defendant for the misdemeanor offenses above, as well as one count of felony reckless endangerment.  Subsequent to the presentment, Defendant filed a motion to dismiss the two misdemeanor counts as time barred, arguing that the affidavit of complaint was void because the officer did not make the oath in the presence of an authorized official capable of making a probable cause determination.  The trial court granted Defendant's motion to dismiss the misdemeanor charges.  The State sought and was granted an interlocutory appeal of the trial court's decision.  On appeal, the State contends that the fact that the affidavit of complaint was sworn before a notary public rather than a qualified judicial officer was a "technical defect" that should not render it void.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Barry Staubus, District Attorney General; and Ben Rowe, Assistant District Attorney General, for the appellant, State of Tennessee.

Stephen M. Wallace, District Public Defender; and Steven D. Bagby, Assistant Public Defender, Blountville, Tennessee, for the appellee, Janice Darlene Helbert.

**OPINION**

*Factual background*

On August 2, 2013, Officer Dustin Jackson of the Kingsport Police Department responded to a collision in which Defendant was involved. Defendant's vehicle hit the vehicle she was following, and Defendant was injured. A citation to Defendant for driving under the influence and for following another vehicle too closely was issued. On the same day, Officer Jackson prepared a written affidavit of complaint, which he signed under oath before a notary public. The affidavit summarizes the facts underlying the offenses. On August 5, 2013, a Sullivan County clerk determined that there was probable cause for Defendant's arrest for the charges of driving under the influence and following too closely. The clerk indicated on the affidavit of complaint that Defendant was "given [a] citation or arrested without warrant" and circled the word "citation." The clerk did not specify on the affidavit of complaint that an arrest warrant be issued, and no arrest warrant or criminal summons appears in the record on appeal.

On September 9, 2014, with the assistance of counsel, Defendant waived a preliminary hearing and agreed to have her case bound over to the Sullivan County Grand Jury. On January 21, 2015, the grand jury returned a presentment for felony reckless endangerment, following too closely, and driving under the influence. On June 10, 2015, Defendant filed a motion to dismiss the two misdemeanor counts as time barred. She argued that the affidavit of complaint did not comply with Rule 3 of the Tennessee Rules of Criminal Procedure because the officer did not make it under oath in the presence of an authorized official capable of making a probable cause determination.

The State responded, conceding that the officer did not appear in the presence of the clerk who made the probable cause determination, but the State argued that it did not render the affidavit of complaint or any resulting arrest warrant void. The State also asserted that Defendant waived any challenge to the affidavit of complaint by failing to raise the issue in general sessions court.

On August 13, 2015, the trial court heard argument on Defendant's motion. The parties stipulated that the deputy clerk who reviewed and signed the affidavit of complaint was "capable of making a probable cause determination." The State also stipulated that "the finding of probable cause by [the deputy clerk] did not take place in the presence of Officer Jackson . . . ." In a written order granting Defendant's motion to dismiss the two misdemeanor charges, the trial court found that "the officer swore to the affidavit of complaint before a notary public, not a magistrate or neutral and detached court clerk. Because there was no properly sworn statement upon which to base a

probable cause determination, the arrest warrants at issue were never valid." The court concluded that "the prosecution was not commenced within the time allowed by the statute of limitations and that the prosecution is barred." The trial court subsequently granted the State's request for an interlocutory appeal to this court.

*Analysis*

The State contends that the trial court erred by concluding that the affidavit of complaint and/or resulting arrest warrant were void. The State argues that the lack of the officer's physical presence for a sworn examination by the deputy clerk who made the probable cause determination had no impact on the reliability or adequacy of the notarized affidavit. There is no arrest warrant contained in the record on appeal.

Tennessee Code Annotated section 40-6-201 defines what constitutes an arrest warrant:

> A warrant of arrest is
>     (1) A written order;
>     (2) The written order
>         (a) states the substance of the complaint;
>         (b) is directed to a proper officer;
>         (c) is signed by a magistrate; and
>         (d) commands the arrest of the defendant.

Tennessee Rule of Criminal Procedure 4(a) provides as follows:

> If the affidavit of complaint and any supporting affidavits filed with it establish that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate or clerk *shall issue an arrest warrant* to an officer authorized by law to execute it or shall issue a criminal summons for the appearance of the defendant.

(Emphasis added).

> Rule 4 further provides the following:
> The arrest warrant *shall*:
> (A) be signed by the magistrate or clerk;
> (B) contain the name of the defendant or, if this name is unknown, any name or description by which the defendant can be identified with reasonable certainty;

(C) indicate the county in which the warrant is issued;
(D) describe the offense charged in the affidavit of complaint;
(E) *order that the defendant be arrested* and brought before the nearest appropriate magistrate in the county of arrest.

Tenn. R. Crim. P. 4(c) (emphasis added).

The Advisory Commission Comment to Rule 4 notes "that the affidavit of complaint may be buttressed by additional affidavit(s) and that the magistrate or clerk may also examine under oath the complainant and any other witnesses." In addressing the issuance of an arrest warrant when the defendant has already been arrested without a warrant, the Advisory Commission Comment to Rule 4 states as follows:

> The form of the arrest warrant, as set out in Rule 4(c)(1), makes no distinction between warrants issued for persons not yet arrested and those warrants issued for persons already arrested without a warrant. Such a warrant serves a dual function: first, as the authority for an arrest (where an arrest has not already been lawfully made) and, secondly, as a statement of the charge which the accused is called to answer. The commission did not recommend two separate warrant forms, one for use where the accused had not yet been arrested, and the second to merely state the charge against one already under arrested, because it is more utilitarian to have only the one form. The command to arrest is obviously surplusage where the warrant is directed against one already in custody; *but a warrant in such cases still serves as the official charging instrument, issued after a judicial finding of probable cause, and gives notice of the charge which must be answered.*

(Emphasis added).

The trial court's decision on Defendant's motion to dismiss was based upon an application of law to facts that were not in dispute. Because the issue presented for our review is one of law, we review it de novo with no presumption of correctness given to the trial court's conclusions. *State v. Sherman*, 266 S.W.3d 395, 401 (Tenn. 2008).

With some exceptions not applicable here, "all prosecutions for misdemeanors shall be commenced within twelve (12) months after the offense has been committed[.]" Tenn. Code Ann. § 40-2-102. The purpose of the limitations period "is to protect a defendant against delay and the use of stale evidence and to provide an incentive for efficient prosecutorial action in criminal cases." *State v. McCloud*, 310 S.W.3d 851, 859 (Tenn. Crim. App. 2009) (citing *State v. Nielsen*, 44 S.W.3d 496, 499 (Tenn. 2001)).

- 4 -

Furthermore, "[s]tatutes of limitations are construed 'liberally in favor of the criminally accused.'" *Id*. (citing and quoting *State v. Ferrante*, 269 S.W.3d 908, 911 (Tenn. 2008)).

In order to determine whether the prosecution is barred by the statute of limitations, we must first determine when the prosecution was commenced.

> A prosecution is commenced, within the meaning of this chapter, by finding an indictment or presentment, the issuing of a warrant, binding over the offender, by the filing of an information as provided for in chapter 3 of this title, or by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any purpose involving the offense.

Tenn. Code Ann. § 40-2-104; *see also Ferrante*, 269 S.W.3d at 912.

In this case, the misdemeanor offenses occurred on August 2, 2013. There is no arrest warrant in the record. Defendant waived her right to a preliminary hearing in general sessions court on September 9, 2014. The grand jury returned a presentment on January 21, 2015. These events occurred more than one year after the date of the offenses. Accordingly, they fall outside the one-year statute of limitations for misdemeanor offenses.

The State recognizes that no arrest warrant appears in the record and contends that the affidavit of complaint commenced the prosecution in this case. In *State v. Steven Shell*, No. E2015-01103-CCA-R3-CD, 2016 WL 3679840, at *1 (Tenn. Crim. App., June 29, 2016), the parties agreed that the affidavit of complaint was sworn before a notary public and subsequently signed by a clerk authorized to make a probable cause determination. In that case, a panel of this court held that the clerk's probable cause finding did not transform the affidavit of complaint into an arrest warrant sufficient to commence the prosecution. The panel further held that the affidavit of complaint was invalid because it failed to comply with the requirements of Tennessee Code Annotated section 40-6-203 and Rule 3 of the Tennessee Rules of Criminal Procedure.

Code section 40-6-203(a) provides, in pertinent part, as follows:

> (a) Upon information made to any magistrate of the commission of a public offense, the magistrate shall examine on oath, the affiant or affiants, reduce the examination to writing, and cause the examination to be signed by the person making it.

(b)(1) The examination of the affiant or affiants by the magistrate or lawfully authorized court clerk does not have to take place in a face-to-face meeting of the parties but may be conducted through the use of electronic audio-visual equipment which allows the affiant and the examining official to both view and hear each other simultaneously.

T.C.A. § 40-6-203(a)-(b). Rule 3 of the Tennessee Rules of Criminal Procedure mandates that an affidavit of complaint "be made on oath before a magistrate or a neutral and detached court clerk authorized by Rule 4 to make a probable cause determination." Tenn. R. Crim. P. 3(b). These provisions clearly contemplate that the affidavit of complaint will be made by the affiant to the magistrate making the probable cause determination at the time of the probable cause determination, either in person or via electronic equipment. These rules are mandatory, and the failure to comply with them invalidates the affidavit of complaint and resulting warrant. *See Ferrante*, 269 S.W.3d at 913.

A panel of this court recently held that the signing of an affidavit of complaint before a notary public rather than a qualified judicial officer does not satisfy the applicable procedural requirements. *State v. Felicia Jones*, No. E2015-01101-CCA-R3-CD, 2016 WL 3750151, at \*5 (Tenn. Crim. App., June 29, 2016). In that case, no arrest warrant was issued pursuant to the affidavit of complaint. The panel held that the form affidavit of complaint did not conform to the requirements of an arrest warrant because it did not contain an "order that the defendant be arrested and brought before the nearest appropriate magistrate in the county of arrest." Tenn. R. Crim. P. 4(c)(1)(E). Accordingly, the State failed to commence prosecution against Defendant within the applicable one-year statute of limitations in that case. *See id*. at \*7-8.

We agree with the analysis expressed by the panel in *Felicia Jones* that the signing of the affidavit of complaint "before a notary public rather than a qualified judicial officer did not meet the requirements of [Code] section 40-6-203(a) and Rule 3" and that this defect rendered the affidavit of complaint invalid. *Felicia Jones*, 2016 WL 3750151.

The State also contends that Defendant's appearance in general sessions court was sufficient to commence the prosecution because it provided her notice of the charges against her. A prosecution may be commenced by the defendant's appearance in court if the underlying affidavit of complaint is valid. *McCloud*, 310 S.W.3d at 861 (citing *Ferrante*, 269 S.W.3d at 914-15). In *Ferrante*, our supreme court held that "a defendant's court appearance may serve to commence a prosecution under section 40-2-104 so as to toll the statute of limitations only where that appearance is made in response to an offense that has been charged." 269 S.W.3d at 915. When an affidavit of complaint is void, a defendant "has not been charged with any offense[;]" therefore, her

appearance in general sessions court would "not serve as a commencement of the prosecution for purposes of tolling the statute of limitations." *Id.* Moreover, there is no evidence in the record to indicate that Defendant did, in fact, make any court appearance prior to September 9, 2014, when she waived her right to a preliminary hearing, more than one year after the commission of the offenses.

We conclude that the State did not commence its prosecution against Defendant until after the one-year limitations period had expired. Accordingly, the trial court properly dismissed counts two and three of the presentment.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE