# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### May 17, 2016 Session

## STATE OF TENNESSEE v. LOUIS GRIECO

**Appeal from the Criminal Court for Sullivan County**
**No. S64288   James F. Goodwin, Judge**

_____

**No. E2015-01110-CCA-R3-CD – Filed March 10, 2017**

_____

Defendant, Louis Grieco, was arrested on August 24, 2013, without a warrant for driving under the influence (DUI). On the date of the arrest, the arresting officer summarized the facts underlying the offense in an affidavit of complaint, which he signed under oath before a notary public. Two days later, a general sessions judge found probable cause that the offense was committed based on the officer's affidavit of complaint. Over one year later, on October 6, 2014, Defendant waived his right to a preliminary hearing in General Sessions Court and agreed to have the case bound over to the Sullivan County Grand Jury. The grand jury indicted Defendant for DUI on January 21, 2015. Defendant filed a motion to dismiss the indictment as time barred, arguing that the affidavit of complaint was void because the officer did not make it on oath in the presence of an authorized official capable of making a probable cause determination. The trial court granted Defendant's motion to dismiss. The State appeals. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Barry Staubus, District Attorney General; and Jason White, Assistant District Attorney General, for the appellant, State of Tennessee.

Lanny R. Norris, Elizabethton, Tennessee, for the appellee, Louis Grieco.

# OPINION

## *Factual background*

On August 24, 2013, Officer Jeff Boling, of the Bristol Police Department, conducted a traffic stop of Defendant's vehicle. Officer Boling stated in an affidavit of complaint he prepared that he observed Defendant's vehicle crossing into other lanes. He stated that Defendant had "glossy eyes and slurred speech." Officer Boling stated that Defendant performed poorly on several field sobriety tests. Defendant was arrested, and he consented to a blood alcohol test. On the date of the offense, Officer Boling signed the affidavit of complaint under oath before a notary public. On August 26, 2013, a Sullivan County General Sessions Court judge determined that probable cause existed to believe that Defendant committed the offense. The judge did not indicate whether an arrest warrant or criminal summons should issue, and there is no arrest warrant in the record.

On October 6, 2014, while represented by an attorney, Defendant waived a preliminary hearing and agreed to have his case bound over to the Sullivan County Grand Jury. On January 21, 2015, the grand jury indicted Defendant for DUI. Defendant filed a motion to dismiss the charge, asserting that the affidavit of complaint did not comply with Rule 3 of the Tennessee Rules of Criminal Procedure because the officer did not make it on oath in the presence of an authorized official capable of making a probable cause determination. The trial court granted Defendant's motion, finding that the affidavit of complaint was sworn before a notary public and ruling that the affidavit of complaint and resulting "warrant" were void. The court concluded that the prosecution was not commenced within the time allowed by the statute of limitations.

## *Analysis*

The State contends that the trial court erred by concluding that the affidavit of complaint and/or the resulting arrest warrant were void. The State argues that the lack of the officer's physical presence for a sworn examination by the deputy clerk who made the probable cause determination had no impact on the reliability or adequacy of the notarized affidavit.

We first want to point out that the State, and apparently the trial court and Defendant, have the mistaken belief that the document which includes the affidavit of complaint, a portion headed "Probable Cause Determination," the waivers and "Judgment" is an arrest warrant. However, no part of this document is an arrest warrant.

Tennessee Code Annotated section 40-6-201 defines what constitutes an arrest warrant:

> A warrant of arrest is
> (1) A written order;
> (2) The written order
> (a) states the substance of the complaint;
> (b) is directed to a proper officer;
> (c) is signed by a magistrate; and
> (d) commands the arrest of the defendant.

Tennessee Rule of Criminal Procedure 4(a) provides as follows:

> If the affidavit of complaint and any supporting affidavits filed with it establish that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate or clerk *shall issue an arrest warrant* to an officer authorized by law to execute it or shall issue a criminal summons for the appearance of the defendant.

(Emphasis added).

> Rule 4 further provides the following:
> The arrest warrant *shall*:
> (A) be signed by the magistrate or clerk;
> (B) contain the name of the defendant or, if this name is unknown, any name or description by which the defendant can be identified with reasonable certainty;
> (C) indicate the county in which the warrant is issued;
> (D) describe the offense charged in the affidavit of complaint;
> (E) *order that the defendant be arrested* and brought before the nearest appropriate magistrate in the county of arrest.

Tenn. R. Crim. P. 4(c) (emphasis added).

The Advisory Commission Comment to Rule 4 notes "that the affidavit of complaint may be buttressed by additional affidavit(s) and that the magistrate or clerk may also examine under oath the complainant and any other witnesses." In addressing the issuance of an arrest warrant when the defendant has already been arrested without a warrant, the Advisory Commission Comment to Rule 4 states as follows:

The form of the arrest warrant, as set out in Rule 4(c)(1), makes no distinction between warrants issued for persons not yet arrested and those warrants issued for persons already arrested without a warrant. Such a warrant serves a dual function: first, as the authority for an arrest (where an arrest has not already been lawfully made) and, secondly, as a statement of the charge which the accused is called upon to answer. The commission did not recommend two separate warrant forms, one for use where the accused had not yet been arrested, and the second to merely state the charge against one already under arrest, because it is more utilitarian to have only the one form. The command to arrest is obviously surplusage where the warrant is directed against one already in custody; *but a warrant in such cases still serves as the official charging instrument, issued after a judicial finding of probable cause, and gives notice of the charge which must be answered*.

(Emphasis added). The document which the State asserts is an arrest warrant is not an arrest warrant. Therefore, we conclude that no arrest warrant is in the appellate record.

The trial court's decision on Defendant's motion to dismiss was based upon an application of law to facts that were not in dispute. Because the issue presented for our review is one of law, we review it de novo with no presumption of correctness given to the trial court's conclusions. *State v. Sherman*, 266 S.W.3d 395, 401 (Tenn. 2008).

With some exceptions not applicable here, "all prosecutions for misdemeanors shall be commenced within twelve (12) months after the offense has been committed[.]" Tenn. Code Ann. § 40-2-102. The purpose of the limitations period "is to protect a defendant against delay and the use of stale evidence and to provide an incentive for efficient prosecutorial action in criminal cases." *State v. McCloud*, 310 S.W.3d 851, 859 (Tenn. Crim. App. 2009) (citing *State v. Nielsen*, 44 S.W.3d 496, 499 (Tenn. 2001)). Furthermore, "[s]tatutes of limitations are construed 'liberally in favor of the criminally accused.'" *Id*. (citing and quoting *State v. Ferrante*, 269 S.W.3d 908, 911 (Tenn. 2008)).

In order to determine whether the prosecution is barred by the statute of limitations, we must first determine when the prosecution was commenced.

A prosecution is commenced, within the meaning of this chapter, by finding an indictment or presentment, the issuing of a warrant, binding over the offender, by the filing of an information as provided for in chapter 3 of this title, or by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of

- 4 -

continuing the matter or any other appearance in either court for any purpose involving the offense.

Tenn. Code Ann. § 40-2-104; *see also Ferrante*, 269 S.W.3d at 912.

In this case, the misdemeanor offense occurred on August 24, 2013. On August 26, 2013, a general sessions judge made a probable cause determination. As noted above, no arrest warrant is in the record. Defendant waived his right to a preliminary hearing in general sessions court on October 6, 2014. The grand jury returned an indictment on January 21, 2015. The last two events occurred more than one year after the date of the offenses. Accordingly, they fall outside the one-year statute of limitations for misdemeanor offenses.

The State contends that an arrest warrant commenced the prosecution in this case. As noted, no arrest warrant is in the record. As the appellant, it was the responsibility of the State to make sure any arrest warrant, if it existed, was included in the appellate record. It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b). However, even if an arrest warrant had been issued and included in the record, the State would not be entitled to relief. In several cases recently decided by other panels of this court, we have held that an affiant's failure to present himself for sworn examination in the physical presence of a magistrate or other official authorized to make a probable cause determination invalidates the affidavit of complaint and any resulting warrant. *See State v. Felicia Jones*, No. E2015-01101-CCA-R3-CD, 2016 WL 3750151, at *5 (Tenn. Crim. App., June 29, 2016) (the signing of an affidavit of complaint before a notary public rather than a qualified judicial officer does not satisfy the applicable procedural requirements.); *see also State v. Steven Shell*, No. E2015-01103-CCA-R3-CD, 2016 WL 3679840, at *1 (Tenn. Crim. App., June 29, 2016) (an affidavit of complaint sworn before a notary public and subsequently signed by a clerk was held to be invalid); *see also State v. Lisa Hayes*, No. E2015-01112-CCA-R3-CD, 2016 WL 3636694 (Tenn. Crim. App., June 29, 2016) (Because the record on appeal contained no arrest warrant, and the State failed to establish that the defendant made an appearance in general sessions court before her preliminary hearing, more than one year after the date of the offense, the trial court's dismissal of the case as time barred was upheld.).

Code section 40-6-203(a) provides, in pertinent part, as follows:

(a) Upon information made to any magistrate of the commission of a public offense, the magistrate shall examine on oath, the affiant or

- 5 -

affiants, reduce the examination to writing, and cause the examination to be signed by the person making it.

(b)(1) The examination of the affiant or affiants by the magistrate or lawfully authorized court clerk does not have to take place in a face-to-face meeting of the parties but may be conducted through the use of electronic audio-visual equipment which allows the affiant and the examining official to both view and hear each other simultaneously.

T.C.A. § 40-6-203(a)-(b). Rule 3 of the Tennessee Rules of Criminal Procedure mandates that an affidavit of complaint "be made on oath before a magistrate or a neutral and detached court clerk authorized by Rule 4 to make a probable cause determination." Tenn. R. Crim. P. 3(b). These provisions clearly contemplate that the affidavit of complaint will be made by the affiant to the magistrate making the probable cause determination at the time of the probable cause determination, either in person or via electronic equipment. These rules are mandatory, and the failure to comply with them invalidates the affidavit of complaint and resulting warrant. *See Ferrante*, 269 S.W.3d at 913.

We agree with the analysis expressed by the panel in *Felicia Jones* that the signing of the affidavit of complaint "before a notary public rather than a qualified judicial officer did not meet the requirements of [Code] section 40-6-203(a) and Rule 3" and that this defect rendered the affidavit of complaint invalid. *Felicia Jones*, 2016 WL 3750151. Because the affidavit of complaint is a necessary prerequisite for a valid arrest warrant, any arrest warrant issued pursuant to an invalid affidavit of complaint would also be invalid. *Id*. Accordingly, the State failed to commence prosecution against Defendant within the applicable one-year statute of limitations in that case. *See id*. at \*7-8.

Similarly, in *State v. Steven Shell*, the affidavit of complaint was sworn before a notary public on the date of the defendant's arrest and submitted one day later to a court clerk for a probable cause determination. In that case, a panel of this court rejected the State's argument that the clerk's probable cause finding transformed the affidavit of complaint into a valid arrest warrant. The panel held, "regardless of the validity of the procedure utilized to create it, [the affidavit of complaint] did not evolve into an arrest warrant and was insufficient to commence the prosecution in this case." 2016 WL 3679840, at \*2.

The State also contends that Defendant's appearance in general sessions court was sufficient to commence the prosecution because it provided him notice of the charges against him. A prosecution may be commenced by the defendant's appearance in court if the underlying affidavit of complaint is valid. *McCloud*, 310 S.W.3d at 861 (citing

*Ferrante*, 269 S.W.3d at 914-15).  In *Ferrante*, our supreme court held that "a defendant's court appearance may serve to commence a prosecution under section 40-2-104 so as to toll the statute of limitations only where that appearance is made in response to an offense that has been charged."  269 S.W.3d at 915.  When an affidavit of complaint is void, a defendant "has not been charged with any offense[;]" therefore, her appearance in general sessions court would "not serve as a commencement of the prosecution for purposes of tolling the statute of limitations." *Id.*  Moreover, there is no evidence in the record to indicate that Defendant did, in fact, make any court appearance prior to October 6, 2014, when he waived his right to a preliminary hearing, more than one year after the commission of the offenses.  Although the affidavit of complaint states a court date of November 18, 2013, there is nothing in the record to establish that defendant actually appeared on that date.

We conclude that the State did not commence its prosecution against Defendant until after the one-year limitations period had expired.  Accordingly, the trial court properly dismissed the indictment as time-barred.

CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE