IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 22, 2016

**JAMES THOMAS v. RANDY LEE, WARDEN**

**Direct Appeal from the Criminal Court for Johnson County**
**No. CC-15-CR-151    Stacy L. Street, Judge**

---

**No. E2015-02427-CCA-R3-HC – Filed July 21, 2016**

---

The Petitioner, James Thomas, filed a petition in the Johnson County Criminal Court seeking habeas corpus relief from his aggravated assault conviction, alleging that his conviction was void because the affidavit of complaint attached to his arrest warrant was not signed. The habeas corpus court denied relief without a hearing, and the Petitioner appeals. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

James Thomas, Mountain City, Tennessee, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; and Anthony Wade Clark, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

A jury in the Johnson County Criminal Court convicted the Petitioner of aggravated assault, a Class C felony. State v. James Craig Thomas, No. E2013-02196-CCA-R3-CD, 2014 WL 2021952, at *1 (Tenn. Crim. App. at Knoxville, May 15, 2014). The trial court sentenced the Petitioner as a Range III, persistent offender to twelve years. Id.

Thereafter, the Petitioner filed a petition for a writ of habeas corpus, citing State v. Ferrante, 269 S.W.3d 908 (Tenn. 2008), in support of his contention that the affidavit of complaint underlying his arrest warrant was not signed by a neutral and detached magistrate or judge; therefore, the arrest warrant was void ab initio and invalidated all subsequent proceedings. In response, the State filed a motion to dismiss, maintaining that the affidavit of complaint was not the charging document because the Johnson County Grand Jury returned an indictment against the Petitioner. The State contended, therefore, that the Petitioner was not entitled to habeas corpus relief.

The habeas corpus court summarily granted the State's motion to dismiss, ruling that the Petitioner's "argument that he [was] entitled to habeas corpus relief due to a void affidavit of complaint [was] without merit" because a grand jury issued a valid indictment against him on July 8, 2011. On appeal, the Petitioner contends that the habeas corpus court erred by denying relief without a hearing.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

The Petitioner contends that the habeas corpus court erred by denying his petition without a hearing. The State contends that the habeas corpus court properly dismissed the petition without a hearing.

The Petitioner's reliance on <u>Ferrante</u> is misguided. In <u>Ferrante</u>, an indictment charging the defendant was never issued. 269 S.W.3d at 909. The only charging instrument issued prior to the expiration of the statute of limitation was the invalid affidavit of complaint. <u>Id.</u> at 914-15. In the instant case, the Petitioner was charged with and convicted of aggravated assault, a Class C felony. Tenn. Code Ann. § 39-13-102(a)(1)(A)(iii); (e)(1)(A)(ii). Prosecution for a Class C felony must be commenced within four years of the offense. Tenn. Code Ann. § 40-2-101(b)(3). The Petitioner's offenses were committed on May 3, 2011, and a grand jury returned an indictment on July 8, 2011, well within the statute of limitation.[1] Thus, the charging instrument is the indictment. <u>Eric D. Wallace v. Stephen Dotson, Warden</u>, No. W2006-00908-CCA-R3-HC, 2007 WL 852173, at \*2 (Tenn. Crim. App. at Jackson, Mar. 22, 2007). A valid indictment confers jurisdiction on a trial court. <u>Hart v. State</u>, 21 S.W.3d 901, 903 (Tenn. 2000). Accordingly, the habeas corpus court did not err by denying relief.

## III. Conclusion

Based upon the foregoing, we affirm the judgment of the habeas corpus court.

_____

NORMA MCGEE OGLE, JUDGE

---

[1] We take judicial notice of the indictment, which was part of the direct appeal record. <u>See</u> <u>State v. Lawson</u>, 291 S.W.3d 864, 869 (Tenn. 2009).