Bobby Joe MYERS, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

June 22, 1978.

Certiorari Denied by Supreme Court Sept. 18, 1978.

Marvin J. Brode, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, John A. Irvine, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DAUGHTREY, Judge.

This case was set for oral argument following entry of an order by another member of this Court, who granted certiorari and supersedeas from an order of the trial court overruling the petitioner-defendant's plea in abatement. In his original petition for certiorari, the petitioner alleged that he had previously pleaded guilty in the Municipal Court of the City of Memphis to the same offense as that now pending against him in the Shelby County Criminal Court, and that the trial court's failure to abate the indictment there violated his constitutional right to protection against being twice placed in jeopardy for the same offense.

At the time the writs were granted and at the time the case was argued, the records of the Shelby County Criminal Court and the Memphis Municipal Court were not before this Court. These records have since been filed, and they wholly fail to substantiate the allegations of the petition. The technical record indicates that Bobby Joe Myers was indicted on October 16, 1973, for the offense of "unlawfully and feloniously possess[ing] a weapon commonly known as a sawed-off shotgun" on September 7, 1973, an apparent violation of T.C.A. § 39–4918. A capias warrant was issued on November 20, 1973, after Myers failed to appear and answer that charge. Myers was arrested on November 1, 1977, on a plures capias issued May 20, 1974, and he was finally arraigned on November 4, 1977. The case was set for report on December 2, 1977, and for trial on December 14, 1977; it was subsequently continued on December 2, 1977 ("by consent"), on December 14, 1977 ("on application of the defendant"), on January 20, 1978 (by order of the Court "for Disposition"), on January 27, 1978 (by the Court, again "for Disposition"), and on February 1, 1978. Myers filed his plea in abatement on February 8, 1978.

In the meantime, Myers had appeared in Municipal Court on October 10, 1977, at which time a purported charge of "carrying a dangerous weapon T.C.A. § 39–4901" was continued to December 7, 1977, and on that date the case was continued to January 12, 1978. At that time, Myers waived a jury

and pleaded guilty to "carrying a dangerous weapon"; he was fined $50.00 and received a suspended thirty day sentence.

Of central importance to our current determination is the total absence of any sort of charging document in the Municipal Court records. Thus it conclusively appears that the city judge had no jurisdiction to entertain the defendant's plea and that the resulting judgment must be considered void. Furthermore, in the absence of an arrest warrant specifying the nature of the offense and the date on which it allegedly occurred, it is impossible to determine whether the putative charge to which Myers pleaded guilty in city court (T.C.A. § 39–4901) and the charge now pending in criminal court (T.C.A. § 39–4918) are the same or grew out of the same transaction. In the absence of proof to the contrary, we must assume that they do not violate the double jeopardy clauses of the state and federal constitutions.

Given the duty of the petitioner to demonstrate grounds for extraordinary relief, and given the state of the record before us, we must conclude that Myers has totally failed to substantiate his claim. We hold, therefore, that the writs of certiorari and supersedeas heretofore granted by the Court must be dismissed as improvidently granted.

The writs are dissolved and the case is remanded to the trial court for further proceedings.

RUSSELL and DUNCAN, JJ., concur.