STATE of Tennessee, Appellant,

v.

Michael Joe KIRK, Appellee.

Court of Criminal Appeals of Tennessee, Jackson.

Dec. 23, 1980.

William M. Leech, Jr., Atty. Gen., Charles L. Lewis, Asst. Atty. Gen., Nashville, Alan E. Glenn, Asst. Dist. Atty. Gen., Memphis, for appellant.

Sam P. Bradley, Memphis, for appellee.

OPINION

O'BRIEN, Judge.

The State brings this appeal from an order dismissing an indictment against the defendant in the Criminal Court of Shelby County.

The case is before us on a stipulation of the evidence and proceedings in the lower courts. It was heard below upon a motion to dismiss the indictment as being defective on its face, alleging commission of a misdemeanor more than twelve (12) months before indictment and alleging prosecution was commenced without a warrant or other charging papers.

Defendant was indicted for driving under the influence of an intoxicant on the 17th day of February, 1978. It was alleged that the prosecution was commenced by his appearance, in person or through counsel, in the City Court of Memphis, Tennessee, on July 12, 1978.

The trial judge found that the indictment was returned by the Grand Jury of Shelby County more than twelve (12) months from the date of the alleged misdemeanor offense charged. He found there had been no warrant or other charging document issued in the Memphis Municipal Court and that the cause of action was barred by the statute of limitations. A copy of the order dismissing the indictment together with the statement of stipulated evidence and proceedings may be found as an appendix to this opinion.

The statement of evidence and proceedings stipulated by the parties, and approved by the trial judge, indicates that defendant was arrested on February 17, 1978, the day of the offense. He made his initial appearance before the court on that date. The case was continued from time to time after that date, at defense request until August 21, 1978. On July 12, 1978, the date of one of the continuances, defendant appeared through counsel to make that request. All of the foregoing appearances and applications for continuance are matters of record in the Memphis Municipal Court. There were various subsequent continuances, the last granted February 5, 1979 when the case was continued to February 9, 1979. On the latter date defendant failed to appear and a bench warrant was issued from the City Court. On February 16, 1979 defendant was arrested on the bench warrant,

appeared in court and the matter was once more continued to May 10, 1979. On that date defendant was held to the State for action by the Grand Jury. The indictment was returned on May 22, 1979.

Relying on the decision of this Court in *Myers v. State*, 577 S.W.2d 679, cert. denied September 18, 1978, (Tenn.Cr.App. 1978), defendant contends the City Court never obtained jurisdiction of his case. He says any appearance made by him either in person or through counsel notwithstanding, prosecution never commenced in the City Court because there was never any charging instrument. We have concluded reliance on *Myers*, is misplaced and the trial court fell into error by dismissing the indictment. In the first instance, in the *Myers* case an indictment charging him with possessing a sawed-off shotgun (T.C.A. § 39–4918) was returned on October 16, 1973. He failed to appear and was not arrested until November 1, 1977. In the meantime he appeared in Municipal Court on October 10, 1977, to submit a guilty plea on a charge of carrying a dangerous weapon (T.C.A. § 39–4901). Although this Court held that the City Judge had no jurisdiction to entertain a guilty plea in the absence of a charging document in the Municipal Court records, the thrust of the decision was that the absence of an arrest warrant specifying the nature of the offense and the date on which it allegedly occurred made it impossible to determine that the charge upon which he had pleaded guilty was the same one as the charge pending in the Criminal Court.

Although defendant in this case is bound by his stipulation, see *Bearman v. Camatsos*, 385 S.W.2d 91, 215 Tenn. 231 (1964), it seems highly unlikely that the judge of the Municipal Court would continue the case from time to time over a period of nearly a year from the date of defendant's first appearance on February 17, 1978, until his failure to appear on February 9, 1979, unless some charge existed against him. Moreover, the bench warrant for his arrest could not have been issued unless the defendant had been charged with a public offense.

Be that as it may, the limitation of prosecutions on misdemeanors is governed by Title 40, Chapter 2 of our statutes (T.C.A. § 40–204). Reason and common sense dictate that other chapters and sections of the same title must be considered in pari-materia. T.C.A. § 40–206 governing the commencement of prosecutions was amended by Chapter 258, Section 4, of the Acts of 1975 to provide, in addition to the other methods then prescribed, that a prosecution is commenced by making an appearance in person or through counsel in General Sessions or any Municipal Court for the purpose of continuing a matter or any other appearance in either court for any purpose involving the offense. This amendment plainly and conclusively fixes the date of the commencement of the prosecution in this case to be February 17, 1978, the date on which defendant made his first appearance in the Memphis City Court. If we were to subscribe to defendant's theory of the law, the bench warrant, which of necessity had to set out the offense with which he was charged, was issued on February 9, 1979, within twelve (12) months after the date of the alleged offense.

By either reckoning, the statute of limitations was tolled. It appears that the indictment may require amendment to set out the correct date for the commencement of the prosecution however, that matter is not before us. The order of the trial court dismissing the indictment is reversed. The indictment is reinstated and the case is remanded for such further proceedings as may be indicated.

DWYER and SCOTT, JJ., concur.

### APPENDIX

### ORDER DISMISSING INDICTMENT

This cause came on to be heard on October 24, 1979, upon the motion of defendant to dismiss the indictment in this cause, upon statement of counsel for the parties and upon the entire record in this cause.

From all of which it satisfactorily appears to the Court as follows:

That the indictment in this cause was returned by the Grand Jury of Shelby County, Tennessee more than twelve months from the date of the alleged commission of the offense charged in the indictment and that said offense was a misdemeanor;

That there was no warrant or other charging document issued to toll the statute of limitations in the Municipal Court of Memphis, Shelby County, Tennessee;

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the indictment in this cause was brought without the statute of limitations and that this cause should be, and the same is hereby, dismissed with costs adjudged against plaintiff for which let execution issue.

(s) Arthur T. Bennett<br>JUDGE

## STATEMENT OF EVIDENCE AND PROCEEDINGS

It is hereby stipulated and agreed upon by and between the State of Tennessee and counsel for the defendant that the following statement of the evidence and proceedings had in the trial court is a fair, accurate and complete account of proceedings:

Defendant, Michael Joe Kirk, was arrested for Violation of Section 59–1031, Tennessee Code Annotated, to-wit: Driving While Intoxicated, on February 17, 1978.

The records of the Memphis City Court, Division 8, reflect that the matter was set for the initial appearance before the Court on February 17, 1978, and at that time the matter was continued, at defense request, to April 27, 1978.

On April 27, 1978, the case was again continued at defense request to July 12, 1978. On July 12, 1978, the defendant, through his attorney at that time, was granted a continuance to August 21, 1978.

There were numerous other continuances subsequent to the dates above, the last being February 5, 1979, at which time the matter was continued to February 9, 1979.

On February 9, 1979, the defendant failed to appear and a Bench Warrant was issued by City Court Judge of Division 8. On February 16, 1979, the defendant was arrested on the Bench Warrant, appeared again in City Court, Division 8, and the matter was continued to May 10, 1979. On May 10, 1979, the defendant was held to the State for action of the Grand Jury.

On May 22, 1979, the defendant was indicted by the Shelby County Grand Jury for the offense of Driving While Intoxicated in Indictment Number 68507.

There was no proper charging instrument in existence while the matter was pending in the City Court. However, as alleged in the indictment, the State maintains that the appearance of the defendant, or by his attorney, in Division 8 of the City Court of Memphis, Tennessee, on July 12, 1978, would toll the one year statute of limitations.

Defense maintains that without the existence of a charging instrument in the City Court, that the Court had no jurisdiction over the defendant, and any appearance by the defendant or his attorney notwithstanding, prosecution had not commenced against the defendant. Therefore, the indictment on May 22, 1979, is defective as not brought within the one year statute of limitations.

On October 24, 1979, upon the motion of the defendant to dismiss the indictment made in Division VII of the Criminal Court of Shelby County, Tennessee, and upon the statements of counsel and upon the record, the indictment was dismissed for the reasons stated in the order of dismissal entered November 2, 1979.

(s) Alan E. Glen<br>Assistant District Attorney General