IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
May 17, 2011 Session

## STATE OF TENNESSEE v. BENJAMIN WHEELER WORD

**Direct Appeal from the Criminal Court for Putnam County**
**No. 10-0762     Leon Burns, Judge**

---

**No. M2011-00082-CCA-R3-PC - Filed July 18, 2011**

---

The petitioner, Benjamin Wheeler Word, pleaded guilty to underage consumption. The trial court sentenced him to serve eleven months and twenty-nine days in jail but suspended the petitioner's sentence to probation. The petitioner filed a petition for post conviction relief, which the post-conviction court denied. The petitioner appeals the denial of post-conviction relief arguing that (1) his conviction is unconstitutional; (2) the conduct with which he was charged was not an offense; (3) his conviction is void because it denied him expungement of his record; and (4) his sentence violated the jurisdictional limits of the court. After a thorough review of the parties' briefs, the record, and the applicable law, we reverse the judgment of the post-conviction court and grant post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Dismissed**

J.C. MCLIN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

William L. Moore, Gallatin, Tennessee, for the appellant, Benjamin Wheeler Word.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Randall A. York, District Attorney General; and Beth Elana Willis, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

On February 6, 2010, the petitioner, Benjamin Wheeler Word, was charged with underage consumption in violation of Tennessee Code Annotated section 1-3-113. The

charge was pursuant to an affidavit of complaint filed in the General Sessions Court of Putnam County. The affidavit of complaint states the following:

> The undersigned affiant, after being duly sworn according to law, states that the above named defendant, whose name is otherwise unknown to the affiant, committed the offense of TCA 1-3-113, which is Underage Consumption, in PUTNAM County on or about 02/06/2010. Further, affiant makes oath that the essential facts constituting said offense, the sources of affiant's information, and the reason why his/her information is believable concerning said facts are as follows:
>
> see citation 13516[.]

The citation that the affidavit of complaint cited states that the petitioner violated the underage consumption ordinance contained in Tennessee Code Annotated section 57-5-301; however, the narrative portion of the citation was left blank. The petitioner appeared pro se in the General Sessions Court of Putnam County and pleaded guilty on March 1, 2010, to violating Tennessee Code Annotated section 1-3-113. The court sentenced the petitioner to eleven months and twenty-nine days in jail, all suspended to supervised probation for six months followed by good behavior probation for six months. The petitioner was also sentenced to complete sixteen hours of community service.

On September 16, 2010, the petitioner, through counsel, filed a petition for post-conviction relief arguing that his conviction violated his constitutional due process guarantee and that his sentence violated the jurisdictional limits of the court. The post-conviction court held a hearing on the petition for post-conviction relief on November 22, 2010. The post-conviction court denied relief on November 30, 2010, and the petitioner timely appealed the denial of post-conviction relief.

**Analysis**

Initially, we note that the state argues in its brief that the petitioner has waived all of the issues that he presented in his brief because he failed to prepare an adequate record. The state further argues that "the petitioner waived all issues presented in his brief by raising them for the first time in post-conviction proceedings or on appeal from the denial of post-conviction relief." Regarding his preparing an adequate record, the petitioner responds that issues that he presented in his petition for post-conviction relief are purely legal issues, thus, the post-conviction court did not conduct an evidentiary hearing or make findings of fact, and a transcript of the proceedings is unnecessary. The petitioner further responds that because "[t]here are no mixed questions of law and fact" this court's review of the post-conviction court's decision is purely *de novo*. Regarding his raising the issues for the first time on

appeal, the petitioner responds that because his conviction resulted from a guilty plea, he could not take a direct appeal and that jurisdictional issues may be raised at anytime. We agree with the petitioner. The petitioner raised the issues of the constitutionality of his conviction and the trial court's jurisdictional limits in his petition for post-conviction relief. Furthermore, jurisdictional questions may be raised in any court at anytime. *See State v. Seagraves*, 837 S.W.2d 615, 617 (Tenn. Crim. App. 1992). Accordingly, we will address the issues presented by the petitioner on appeal.

In order for a petitioner to succeed on a post-conviction claim, the petitioner must prove the allegations of fact set forth in the petition by clear and convincing evidence. Tenn. Code Ann. § 40–30–110(f). On appeal, this court is required to affirm the post-conviction court's findings unless the petitioner proves that the evidence preponderates against those findings. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). Our review of the post-conviction court's legal conclusions and application of law to facts is *de novo* without a presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457–58 (Tenn. 2001).

*Conviction*

On appeal, the petitioner argues that his conviction is void because it "violates Article I, Section 8 and Article VI, Section 9 of the Tennessee Constitution." Specifically, the petitioner argues that (1) the charging instrument is void because it only alleges a legal conclusion; (2) his conviction is void because the conduct with which he was charged does not constitute an offense; and (3) his conviction is void because it denied him expungement of his record. The petitioner further argues that his sentence violates the jurisdictional limits of the trial court.

The petitioner contends that the charging instrument in his case is void on its face because "it alleges nothing more than a legal conclusion." He argues that because the charging instrument is void, the trial court lacked jurisdiction to impose his conviction. The petitioner was charged pursuant to an arrest warrant filed in the general sessions court. The affidavit of complaint for the warrant alleged that the petitioner committed the offense of underage consumption, on February 6, 2010. The affidavit stated that citation 13516 contained the essential facts underlying the offense. Citation 13516 states that the petitioner violated Tennessee Code Annotated section 57-5-301, underage consumption; however, the narrative portion of the citation was left blank.

The Tennessee Constitution requires that an indictment, presentment, or information state "the nature and cause of the accusation." Tenn. Const. Art. I, § 9. Our supreme court has stated that this requirement mandates that the charging instrument "contain a complete description of such facts and circumstances as will constitute the crime." *Tipton v. State*, 28 S.W.2d 635, 636 (1930) (citation omitted). "A lawful accusation is an essential jurisdictional

element of a criminal trial, without which there can be no valid prosecution." *State v. Morgan*, 598 S.W.2d 796, 797 (Tenn. Crim. App. 1979); *see also Myers v. State*, 577 S.W.2d 679, 681 (Tenn. Crim. App. 1978) (holding that where a municipal court's records reflected a "total absence of any sort of charging document . . . the city judge had no jurisdiction to entertain the defendant's plea and . . . the resulting judgment must be considered void").

"While the degree of strictness required in a felony indictment (warrant) is not required in the case of a misdemeanor, still an indictment (warrant) for a misdemeanor must allege the commission of an offense." *Morgan*, 598 S.W.2d at 797 (citation omitted). When determining the sufficiency of a charging instrument, a court "must consider whether (a) the charging instrument contains the elements of the offense which is intended to be charged; (b) the charging instrument sufficiently apprises the accused of the offense he is called upon to defend; (c) the trial court knows to what offense it must apply the judgment; and (d) the accused knows with accuracy to what extent he may plead a former acquittal or conviction in a subsequent prosecution for the same offense." *State v. Tate*, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995).

The warrant in this case does not sufficiently charge the petitioner with any offense. The warrant, which alleges that the petitioner violated Tennessee Code Annotated section 1-3-113, references citation 13516 as the essential facts underlying the offense. The charging instrument neither contained the elements of the offense nor did it sufficiently apprise the petitioner of the offense against which he was called upon to defend. Citation 13516 states that the petitioner violated section 57-5-301, underage consumption; however, the narrative portion was left blank and the citation does not allege any facts to constitute the offense of underage drinking. Although the citation stated that the petitioner violated section 57-3-301, the petitioner pleaded guilty to and the trial court sentenced him for violation of section 1-3-113. The warrant and the citation supporting the warrant alleged that the petitioner violated different code sections, and neither instrument recited the facts underlying the offense. The citation merely states the legal conclusion that the petitioner violated the underage consumption statute. "A lawful accusation is a condition precedent to jurisdiction, and a judgment obtained in the absence of an indictment alleging each essential element of the offense is a nullity." *State v. Clark*, 2 S.W.3d 233, 235 (Tenn. Crim. App. 1998) (citing *State v. Trusty*, 919 S.W.2d 305, 309-10 (Tenn. 1996) (*overruled on other grounds by State v. Dominy*, 6 S.W.3d 472 (Tenn. 1999)). Accordingly, we conclude that because there was no lawful charging instrument, the trial court did not have jurisdiction to entertain the petitioner's plea and the prosecution was invalid. Therefore, we consider the petitioner's conviction for underage consumption void and reverse the petitioner's conviction.

Having already resolved the petitioner's case on another ground, we conclude that the remaining issues concerning the validity of the petitioner's conviction and sentence are moot. Therefore, we decline to address these issues.

## Conclusion

Based on the foregoing and the record as a whole, we reverse the judgment of the post-conviction court, vacate the petitioner's conviction and sentence, and dismiss the charges against the petitioner.

_____

J.C. McLIN, JUDGE