RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0051p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

DOUGLAS JORDAN,

*Plaintiff-Appellant,*

*v.*

No. 17-5988

BLOUNT COUNTY; SCOTT CARPENTER; JAMES BROOKS,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 3:16-cv-00122—Pamela Lynn Reeves, District Judge.

Decided and Filed:  March 15, 2018

Before:  KEITH, KETHLEDGE, and THAPAR, Circuit Judges.

_____

**COUNSEL**

_____

**ON BRIEF:**  Gena Lewis, BANKS AND JONES, Knoxville, Tennessee, for Appellant.  Craig L. Garrett, Maryville, Tennessee, for Appellee Blount County and Appellee Scott Carpenter in his official capacity.  Gary M. Prince, N. Craig Strand, O'NEIL PARKER & WILLIAMSON, PLLC, Knoxville, Tennessee, for Appellee Scott Carpenter in his individual capacity.  Laura Miller, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee James Brooks.

_____

**OPINION**

_____

KETHLEDGE, Circuit Judge.  Douglas Jordan seeks damages under 42 U.S.C. § 1983 for prosecutorial misconduct that led to his wrongful conviction for second-degree murder.  The district court dismissed his suit as untimely, holding that his claim accrued when the state court

of appeals vacated his conviction, rather than when he was acquitted on remand. We respectfully disagree and reverse.

In March 1998, Jennifer Byerley was found beside the road with her throat slashed. Jordan was charged and eventually convicted for the murder, but prosecutors never told him about certain evidence—namely a knife found near where Byerley had lain—that might have implicated someone else. The Tennessee Court of Criminal Appeals affirmed on direct review, but Jordan thereafter sought post-conviction relief under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), which requires the prosecution to disclose exculpatory evidence to the defense. On that ground, the same court of appeals vacated Jordan's conviction in 2011 and remanded to the trial court for further proceedings. *See Jordan v. State*, 343 S.W.3d 84 (Tenn. Ct. Crim. App. 2011); Tenn. Code Ann. § 40-30-111(a). Jordan was retried and acquitted in 2015.

Less than a year later, Jordan sued a Blount County prosecutor, detective, and the County itself under § 1983, seeking damages for the *Brady* violation. The statute of limitations for that claim is one year. *See* Tenn. Code Ann. § 28-3-104(a); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). The question here is whether, as the district court held, Jordan's claim accrued when his conviction was vacated, or whether instead it accrued upon his later acquittal. We review the district court's decision de novo. *See Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017).

As a general rule, a claim accrues "when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation marks omitted). To obtain relief, the plaintiff must be able to prove the elements of his claim. *Cf. Carey v. Piphus*, 435 U.S. 247, 257-58 (1978). To determine those elements for purposes of a claim brought under § 1983, "we look first to the common law of torts." *Heck v. Humphrey*, 512 U.S. 477, 483 (1994).

The closest common-law analogy to a *Brady* claim is one for malicious prosecution, because that claim, unlike one for false arrest, "permits damages for confinement imposed pursuant to legal process." *Id*. at 484. One element of a malicious-prosecution claim "is termination of the prior criminal proceeding in favor of the accused." *Id*. (citing W. Keeton

et al., *Prosser and Keeton on Law of Torts* 874 (5th ed. 1984)). A *Brady* claim under § 1983 cannot accrue, therefore, until the criminal proceeding so terminates.

Thus, the more specific question here is whether Jordan's "criminal proceeding" terminated in 2011, when the state court of appeals vacated his conviction and remanded for further proceedings in the trial court. Our decision in *King v. Harwood*, 852 F.3d 568 (6th Cir. 2017), makes clear that the answer is no. There, like here, the state court of appeals set aside King's conviction on post-conviction review and remanded her case to the trial court. The trial court later dismissed the charges against her. King thereafter brought a § 1983 claim that (as here) we analogized to a malicious-prosecution claim for purposes of accrual. *Id*. at 579. That claim did not accrue "[w]hen the Kentucky Court of Appeals granted King relief," we held, because the court's decision "did not result immediately in a termination of the criminal proceeding in favor of the accused[.]" *Id*. (internal quotation marks and ellipses omitted). Instead King's claim accrued only when her criminal proceeding in fact ended, which occurred "when King's indictment was dismissed[.]" *Id*. Here, Jordan's criminal proceeding likewise continued after the vacatur of his conviction, and ended only upon his acquittal in March 2015. Hence his claim did not accrue until then. He filed suit less than a year later, which means his suit was timely.

The defendants argue that, per our decision in *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014), Jordan's § 1983 claim accrued as soon as his conviction was vacated. But that reading elides the difference between the vacatur in that case and in this one. There, a federal district court vacated D'Ambrosio's conviction by means of an unconditional writ of habeas corpus, which by its terms barred the state from retrying him. *Id*. at 382, 385. Thus, the vacatur itself terminated the state criminal proceeding, and D'Ambrosio's claim accrued once that vacatur "became final[.]" *Id*. at 385. For that reason our comments about the import of any "anticipated future conviction[,]" *id.* (emphasis omitted)—which were themselves taken from a Supreme Court case involving a materially different claim for purposes of accrual, namely one for false imprisonment, *see Wallace*, 549 U.S. at 393—were merely dicta. Jordan's claim therefore accrued at the same point D'Ambrosio's did: when his criminal proceeding ended.

The district court's judgment is reversed, and the case remanded for further proceedings consistent with this opinion.