NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0448n.06

Case No. 22-5206

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Nov 08, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| GARY ACCORD, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff - Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| v. | ) ) ) | |
| ANDERSON COUNTY, TENNESSEE, et al., | ) | |
| Defendants, | ) ) | OPINION |
| COCKE COUNTY, TENNESSEE, | ) ) | |
| Defendant - Appellee. | ) ) | |

Before: SILER, NALBANDIAN, and READLER Circuit Judges.

NALBANDIAN, Circuit Judge. About two years after Gary Accord's plea bargain, he and putative class members filed suit against all 95 Tennessee counties. Accord alleged that widespread-county use of invalid charging instruments led to void arrests, prosecutions, and judgments. The district court dismissed 94 counties from the suit for lack of standing, leaving only Cocke County. Having whittled the case down, the court considered the County's argument that Accord's suit was untimely under Tennessee's two applicable one-year statutes of limitations. The court agreed and dismissed his suit, holding that Accord's allegedly void judgment did not negate the statutes of limitations and that he cannot bring a direct constitutional challenge on top of his § 1983 claim. For the same reasons, we AFFIRM.

I.

On June 29, 2018, a highway patrolman stopped Gary Accord in Cocke County, Tennessee for driving with "no headlight." (R. 98-1, Accord Citation, at 1) But the stop didn't end with a blown headlight. Accord admitted to taking the opioid "Hydrocodone" earlier that day, and he did "poorly" on the patrolman's drug test. (*Id.*) As a result, the patrolman arrested Accord for driving under the influence and transported him to county jail.

Rather than obtaining an arrest warrant, the patrolman filed a complaint-affidavit called the "Uniform Citation Form/Affidavit of Complaint." (R. 1, Original Complaint, at 8 ¶ 6.) And the State later prosecuted Accord using that same form.

On December 3, 2018, Accord and the County struck a plea deal. Under the terms, the County's General Sessions Court reduced Accord's DUI charge to reckless endangerment and sentenced him to 11 months and 29 days in jail, with a suspended sentence.

About two years later, on February 1, 2021, Accord filed a class action complaint under 42 U.S.C. § 1983 against all 95 Tennessee counties—Cocke County included. Accord alleged that the officials from the General Sessions Court of Cocke County had not used a proper charging instrument or prepared and signed an arrest warrant. He argued that his charging form did not provide formal notice of an offense or comply with Tennessee's criminal procedural rules. And he reasoned that the form invalidates his criminal proceedings.

Accord alleged that his experience was not unusual. He contended, on behalf of a class, that every General Sessions Court in Tennessee fails to use proper charging instruments—a practice he says violates the United States Constitution, as well as Tennessee law. He later

amended his complaint, still alleging Fourth, Sixth, and Fourteenth Amendment violations under 42 U.S.C. § 1983, as well as a state-law claim for false light invasion of privacy.

With 95 counties joined to the class action suit, the district court ruled on a slew of motions. Most relevant among them, the court dismissed 94 of the counties for lack of standing. Only Cocke County remained.

The court then granted the County's Rule 12(b)(6) motion with prejudice. The court reasoned that the applicable statute of limitations barred Accord's claims. And the court rejected Accord's argument that he could assert direct constitutional claims along with his § 1983 claims. Because the statute of limitations barred the suit, the court declined to consider the County's other bases for dismissal. Accord timely appealed.

## II.

We review a district court's dismissal for failure to state a claim de novo. *Kenjoh Outdoor, LLC v. Marchbanks*, 23 F.4th 686, 692 (6th Cir. 2022). Here, the court based its dismissal on Tennessee's statutes of limitations. When the complaint's allegations make out a time-barred claim, "dismissing the claim under Rule 12(b)(6) is appropriate." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). More generally, to survive a Rule 12(b)(6) motion, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). A facially plausible claim allows courts "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). And "we construe the complaint in the light most favorable to" Accord, "accept[ing] all well-pleaded allegations" as true and drawing all

reasonable inferences in his favor. *Keene Grp., Inc. v. City of Cincinnati*, 998 F.3d 306, 310 (6th Cir. 2021).

III.

We first address whether Tennessee's two applicable one-year statutes of limitations barred Accord's § 1983 and state-law claims. They did. The district court correctly held that the statutes of limitations barred each of his claims.

Accord's federal claims are subject to a one-year statute of limitations. For § 1983 claims, we apply the statute of limitations in the state "where the cause of action originated." *Hall v. Spencer County*, 583 F.3d 930, 933 (6th Cir. 2009) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)). Tennessee law provides a one-year time limit for actions brought under federal civil rights statutes. Tenn. Code Ann. § 28-3-104(a)(1)(B).

Accord's state-tort claim also faces a one-year statute of limitations. The Tennessee Governmental Tort Liability Act provides that "the action must be commenced within twelve (12) months after the cause of action arises." Tenn. Code Ann. § 29-20-305(b). So Tennessee law required Accord to bring his federal and state claims within one year.

That much is straightforward. The harder question is when the clock started ticking. Although state law provides the appropriate limitations period for § 1983 claims, federal law determines when that time starts to accrue. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Claims normally accrue "when the plaintiff can file suit and obtain relief." *Jordan v. Blount County*, 885 F.3d 413, 415 (6th Cir. 2018) (quotation omitted). Under what some call our discovery rule, time starts for § 1983 claims when a "plaintiff discovers, or in the exercise of reasonable diligence should have discovered, both his injury and the responsible party." *Hall*, 583 F.3d at 933 (citation

omitted).  Under an objective standard, we must ask, "[W]hat event should have alerted the typical lay person to protect his or her rights[?]"  *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (quotation omitted).

Tennessee tort claims accrue similarly.  Time starts "when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant."  *Gibson v. Trant*, 58 S.W.3d 103, 117 (Tenn. 2001) (quoting *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998)).

The statutes of limitations bar Accord's claims.  We have two dates to choose from: Accord's arrest on June 29, 2018, and his plea deal on December 3, 2018.  Yet it doesn't matter which one we choose.  Accord did not sue until February 1, 2021—more than two years after his plea deal.  So, even under his best-case scenario, he filed over a year too late.  Thus, Tennessee law bars his federal and state-law claims.

Accord, not surprisingly, resists this conclusion.  He asserts that the County never had subject-matter jurisdiction over his case because he never received a proper charging instrument.  And that faulty instrument led to a wrongful prosecution and due process violations.  Although these look like merits arguments, what Accord contends is that statutes of limitations don't apply to void-ab-initio cases, like his.[1]

He reasons that the limitations only bar an action when a prosecution begins.  So, the argument goes, because he had a void prosecution, the clock never started ticking.  Accord leaves

---

[1] A void-ab-initio judgment includes one that is "rendered in violation of due process."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).  A court would make such judgment "without legal authority," which creates a legal nullity that has no effect.  *In re Hamilton*, 540 F.3d 367, 373–74 (6th Cir. 2008).

us with two options: either we allow plaintiffs with allegedly void arrest warrants and prosecutions to bring § 1983 claims forever, or we treat the claims like we normally do, accruing time from the day plaintiffs discover their injuries. We choose the latter. And for good reason.

The logic of applying Accord's void-ab-initio argument to the § 1983 context is fundamentally flawed. His void-ab-initio argument is, at its core, a procedural-due-process challenge. He says that his "void" prosecution stems from a lack of due process—that he didn't get adequate notice. He then asks us to disregard the statute of limitations because of his due-process violation. But we decline to carve an exception out from the statute-of-limitations requirement simply because a party alleges a due-process deficiency.

Such deficiencies are a feature, not a bug, of many § 1983 claims. To even proceed on a procedural-due-process claim, parties must generally allege what Accord did: that a wrongful process led to an invalid result. *See Wedgewood Ltd. P'ship I v. Twp. of Liberty*, 610 F.3d 340, 349 (6th Cir. 2010) (requiring parties to prove that the state did not afford "adequate procedural rights" before depriving them of a life, liberty, or property interest protected by the Fourteenth Amendment's Due Process Clause). So logically applying Accord's "void ab initio" argument would require us to apply a statute-of-limitations exception to other procedural-due-process claims. But we've never identified such a broad exception to procedural-due-process cases under § 1983. And we decline to do so now.

Parties alleging procedural-due-process errors must still meet the statute of limitations. *See, e.g.*, *McNamara v. City of Rittman*, 473 F.3d 633, 638–39 (6th Cir. 2007) (barring procedural-due-process claims against a city's past violations); *Printup v. Dir., Ohio Dep't of Job & Fam.*

*Servs.*, 654 F. App'x 781, 787–88 (6th Cir. 2016) (affirming that the statute of limitations barred a procedural-due-process claim). And our general discovery rule still applies to such actions.

Accord responds with several lines of cases, but all prove inapposite. To be sure, the Tennessee Supreme Court has held in some situations that void judgments are not subject to statutes of limitations. *Turner v. Turner* determined that a mother whose parental rights had been terminated was not barred by the "reasonable time" filing requirement in Tennessee Rule 60.02. 473 S.W.3d 257, 268 (Tenn. 2015). The mother sought to challenge the original judgment as void eight years after it had been rendered. *Id.* at 264. The court, following the majority of federal courts applying Federal Rule of Civil Procedure 60, held that "the reasonable time filing requirement does not apply to motions seeking relief from void judgments." *Id.* at 278. Similarly, in *Edwards v. Allen*, the court held that a declaratory challenge to property-use reclassification was not subject to a statute of limitations when the plaintiffs contended that the original reclassification was void ab initio. 216 S.W.3d 278, 292–93 (Tenn. 2007). And nearly all of Accord's other cases stand for similar notions.[2] But they don't help his case.

---

[2] *See S. Tacoma Way, LLC v. State*, 233 P.3d 871, 873–74 (Wash. 2010) (voiding a property sale that violated statutory requirements); *In re Sale of Real Est. by Lackawanna Cnty. Tax Claim Bureau*, 255 A.3d 619, 634 (Pa. Commw. Ct. 2021) (voiding a judicial sale of property because a court of common pleas lacked jurisdiction); *Autin v. Goetz*, 524 S.W.3d 617, 629 (Tenn. Ct. App. 2017) (noting that parties can challenge the enforcement of void protective orders that a court enters without subject matter jurisdiction); *Poffenberger v. Goldstein*, 776 A.2d 1037, 1042–43 (Pa. Commw. Ct. 2001) (quieting title because the recording of a deed did not provide adequate notice); *In re Adoption of Hatcher*, 16 S.W.3d 792, 796 (Tenn. Ct. App. 1999) (allowing an attack on an adoption order entered by a court that lacked subject matter jurisdiction); *People ex rel. Vill. of Northbrook v. City of Highland Park*, 342 N.E.2d 196, 200 (Ill. App. 1976) (concluding that the statute of limitations does not bar attacks on void annexations of land); *Paul v. L.A. Cnty. Flood Control Dist.*, 37 Cal. App. 3d 265, 268, 275–76 (1974) (quieting title on a property that had a defective tax deed); *Allen v. Hussey*, 225 P.2d 674, 684–85 (Cal. Ct. App. 1950) (voiding an airport lease created in violation of a trust created by a statute).

These courts allow parties to invalidate the void thing itself. And Accord doesn't want that. Instead, he brings a § 1983 claim seeking monetary damages for a past injury. He doesn't seek to set aside a prior judgment as void per se. So his case is, as we discuss above, like any other civil rights suit seeking monetary damages. It would be a different matter if Accord was seeking to invalidate or vacate his criminal conviction or perhaps even his plea agreement (though those challenges would likely be more appropriate in state court).[3]

True, Accord's damages claim hinges in large part on establishing that the process that led to his conviction was flawed—something that would overlap with what he would have to show to set aside the judgment entirely. But overlap isn't enough. His claim is not for a void judgment. It's for damages. And Accord fails to cite any case that recognizes the statute-of-limitations exception that he argues for here.

---

[3] Accord relies on many state-criminal-law cases that use the void-ab-initio doctrine to invalidate prior judgments or dismiss cases. *See State v. Ferrante*, 269 S.W.3d 908, 915 (Tenn. 2008) (barring Tennessee from prosecuting a defendant because of a void charging instrument); *State v. Campbell*, 641 S.W.2d 890, 893 (Tenn. 1982) (denying a defendant's motion to dismiss a prosecution because Tennessee "cure[d] all defects emanating from the first arrest and charging procedure" by "obtain[ing] an indictment or presentment"); *State v. Shell*, 512 S.W.3d 267, 270 (Tenn. Crim. App. 2016) (dismissing charges because an affidavit of complaint "did not evolve into an arrest warrant" and did not "commence the prosecution"); *State v. Wilson*, 6 S.W.3d 504, 507 (Tenn. Crim. App. 1998) (affirming a dismissal of an invalid warrant); *State v. Morgan*, 598 S.W.2d 796, 797–98 (Tenn. Crim. App. 1979) (reversing a defendant's conviction because of a void warrant); *Myers v. State*, 577 S.W.2d 679, 681 (Tenn. Crim. App. 1978) (voiding a judgment because a city judge had no jurisdiction to entertain a defendant's plea); *State v. Grieco*, No. E2015–01110–CCA–R3–CD, 2017 WL 956345, at *5 (Tenn. Crim. App. Mar. 10, 2017) (barring Tennessee from prosecuting a defendant because of a void charging instrument); *State v. Floyd*, No. E2016-00260-CCA-R3-CD, 2016 WL 4547370, at *2 (Tenn. Crim. App. Aug. 31, 2016) (reversing a DUI conviction because a county criminal court did not have jurisdiction from an invalid arrest warrant); *Rivas v. McAllister*, No. E2015–01506–CCA–R3–HC, 2016 WL 853317, at *2 (Tenn. Crim. App. Mar. 4, 2016) (denying a defendant's petition for habeas relief after finding his judgment valid); *State v. Gastineau*, No. W2004-02428-CCA-R3-CD, 2005 WL 3447678, at *3 (Tenn. Crim. App. Dec. 14, 2005) (requiring a warrant or citation to provide notice of a law violation before a court can find a defendant guilty).

He last challenges the district court for relying on cases that don't involve jurisdictional challenges or void-ab-initio prosecutions. That critique is unavailing. Precedent makes at least one thing clear: A state's limitations period applies to all § 1983 cases within that state. *See Wallace*, 549 U.S. at 387. And the same limits apply to his state-law claim. Seeing that Accord's void-ab-initio argument does not negate the limitations on his claims, we hold his suit time-barred.

IV.

We next address whether Accord can bring a direct constitutional challenge against a municipality because he can no longer raise his time-barred *Monell* claim. He cannot. Binding precedent limits him to a § 1983 claim, even if he can't succeed on the claim.

Put simply, parties can no longer bring a direct constitutional action where § 1983 applies. *See, e.g.*, *Smith v. Kentucky*, 36 F.4th 671, 674 (6th Cir. 2022); *Demery v. City of Youngstown*, 818 F.2d 1257, 1263 n.6 (6th Cir. 1987) (Guy, J., concurring). Indeed § 1983 provides the only recourse for constitutional claims against a municipality like Cocke County. *See, e.g.*, *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1062 (6th Cir. 2008) (reasoning that had an employee "sought relief pursuant to the Due Process Clause, she would have been required to do so through the vehicle of a 42 U.S.C. § 1983 claim"); *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 872 F.2d 772 (1989).

Otherwise, allowing Accord to imply a cause of action directly under the Constitution would "circumvent the applicable limitations period . . . ." *Smith*, 36 F.4th at 676 (citing *Thomas*, 818 F.2d at 500). Congress already provided the statutory recourse of "equal effectiveness through which [Accord] could have vindicated [his] constitutional rights." *Thomas*, 818 F.2d at 500. And recognizing "a second direct constitutional claim with a different statute of limitations would run

contrary to the intent of the Supreme Court's mandate" that each state select one statute of limitations for all § 1983 claims. *Id.* at 504 (citing *Wilson v. Garcia*, 471 U.S. 261, 275 (1985)).

Our recent case, *Smith v. Kentucky*, confirms that § 1983 provided Accord an exclusive chance at relief. 36 F.4th at 675–76. There, the statute of limitations barred the plaintiffs' § 1983 claim, so they resorted to seeking an implied action directly under the Constitution. *Id.* at 675. We rejected the argument then, just as we do now. *Id.* Accord had a year to bring a *Monell* claim, which he didn't do. He missed his chance at his exclusive remedy. And Accord does not—and cannot—cite one case that allows parties to choose between a *Monell* claim and a direct constitutional challenge.

V.

For these reasons, we AFFIRM the district court's grant of the County's motion to dismiss.