IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 24, 2024 Session

**STATE OF TENNESSEE v. ANDREW MARTIN ROBBS**

**Appeal from the Criminal Court for Knox County**
**No. 120752   G. Scott Green, Judge**

_____

**No. E2023-01187-CCA-R3-CD**

_____

The Defendant, Andrew Martin Robbs, pleaded guilty to driving under the influence per se, third offense, a Class A misdemeanor.  *See* T.C.A. § 55-10-401 (2020).  The trial court sentenced the Defendant to eleven months, twenty-nine days suspended to probation after 120 days in confinement.  On appeal, the Defendant presents a certified question of law challenging the sufficiency of the affidavit of complaint in support of the arrest warrant.  Because the certified question fails to identify the scope and limits of the legal issue reserved, we conclude that we are without jurisdiction to consider this appeal.  The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and JILL BARTEE AYERS, J., joined.

Brandon D. Fersten (on appeal) and John C. Barnes (at plea), Knoxville, Tennessee, for the appellant, Andrew Martin Robbs.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; Robert Debusk, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On the evening of October 5, 2020, Officer William Holt responded to an automobile wreck where the Defendant, who appeared intoxicated, had driven his car into another car parked along an interstate exit ramp.  On October 6, 2020, Officer Holt obtained a search warrant for the Defendant's blood and an arrest warrant for driving under the influence (DUI).  The Defendant was arrested and charged with DUI, second offense.  On September 30, 2021, the Knox County General Sessions Court dismissed the

Defendant's case for failure to prosecute due to Officer Holt's repeated failure to appear. On February 17, 2022, the State presented the case to the Knox County Grand Jury, which charged the Defendant with DUI, DUI per se, third offense DUI, and third offense DUI per se. The Defendant filed a motion to dismiss the indictment for failure to commence prosecution within the one-year statute of limitations, contending that the arrest warrant was void and that the grand jury returned an indictment sixteen months after the alleged charges. *See* T.C.A. §§ 40-2-102(a) (2018), -104 (2018).

At the motion hearing, defense counsel argued that the affidavit of complaint was void because it failed to state that the Defendant was in physical control of a motor vehicle, which he argued was an essential element of a DUI offense and required by Tennessee Criminal Procedure Rule 3. Defense counsel relied on *State v. Ferrante*, in which our supreme court held that an affidavit in support of an arrest warrant was void for failing to comply with Rule 3. 269 S.W.3d 908, 913 (Tenn. 2008). The Defendant argued that the void affidavit was not cured by the Defendant's appearance in general sessions court.

The State countered that the affidavit of complaint complied with Tennessee Criminal Procedure Rule 3 because it provided sufficient notice that the Defendant was charged with DUI. The State noted that the affidavit stated that the officer responded to an automobile wreck on an interstate exit ramp, that the Defendant smelled of alcohol, that the Defendant had bloodshot and watery eyes, that the Defendant had slurred and mumbled speech, that the Defendant was unsteady on his feet, and that the officer was unable to administer field sobriety tests because the Defendant was uncooperative. Alternatively, the State argued that the arrest warrant could be buttressed by facts contained in the affidavit in support of the search warrant. *See State v. Smith*, 836 S.W.2d 137, 142 (Tenn. Crim. App. 1992). The State noted that Officer Holt presented two affidavits to the magistrate: one in support of the arrest warrant and one in support of the search warrant. The search warrant affidavit stated that Officer Holt "found the suspect in the driver's seat of a vehicle which had struck another parked vehicle." The State contended that because the search warrant affidavit stated the defendant was in physical control of the vehicle, the magistrate could have considered both affidavits when he made a probable cause determination for the arrest warrant. A copy of the arrest warrant affidavit, the arrest warrant, and the search warrant affidavit were received as exhibits.

The trial court denied the Defendant's motion to dismiss holding that the arrest warrant affidavit provided the Defendant with sufficient notice of the DUI charges. According to the court:

when I look at the arrest warrant in this case it immediately jumps out to me that [the Defendant was] being placed on notice that he's being charged for DUI. . . .

. . . the officer puts within the four corners of the affidavit that he's investigating this wreck with injury at the locale within Knox County on a public road.

And as part of his investigation he's asking Mr. Robb to perform field sobriety tests. How is it not a logical conclusion that he's investigating [the Defendant] for purposes of driving under the influence to see whether or not he's intoxicated?

The Defendant entered a best interest guilty plea to DUI per se, third offense, and the other charges were dismissed. The trial court sentenced the Defendant to eleven months and twenty-nine days, suspended to probation after 120 days in confinement. The Defendant reserved a certified question of law to which the State and the court consented and certified as dispositive of the case. The Defendant's judgment states the certified question as follows:

The certified question of law being reserved pursuant to Tenn. R. Crim. P. 37(B) is whether the affidavit of complaint in support of the defendant[']s arrest warrant sufficiently stated the essential facts necessary to establish probable cause of every element of the offense charged driving under the influence (DUI) including that the defendant was driving or in physical control of a motor vehicle within the four corners of the document to commence prosecution within the twelve (12) month statute of limitations The affidavit of complaint states that the arresting officer responded to a wreck The affidavit does not state whether the defendant was involved in the car wreck to which the officer responded whether the defendant owned any vehicle involved in the wreck whether the defendant was present whether the defendant was inside or outside of a vehicle at the time the officer arrived on scene or whether the keys were in the ignition The affidavit states why the arresting officer was at a certain location at a certain date and time where the officer at some point thereafter made contact with defendant who may or may not have been involved in the wreck

The Defendant asserts that his certified question complies with all the requirements of Tennessee Rule of Criminal Procedure 37(b)(2)(A) and with our supreme court's *Preston* decision. *See State v. Preston*, 759 S.W.2d 647 (Tenn. 1988). The State argues that the certified question fails to clearly identify the scope and limits of the legal

-3-

issue reserved and is not dispositive. According to the State, the Defendant's certified question fails to precisely identify the Defendant's arguments in support of his motion to dismiss the indictment, and it fails to identify why the trial court denied the motion to dismiss. The State also asserts that the certified question fails to address the possibility that even if this court concluded that the arrest warrant affidavit was insufficient, this court could still uphold the validity of the arrest warrant because its affidavit could be buttressed by the search warrant affidavit. Alternatively, the State asserts that the arrest warrant and its affidavit commenced prosecution against the Defendant and complied with Rule 3. *See* Tenn. R. Crim. P. 3.

Rule 37(b)(2)(A) provides that an appeal can be taken from a plea of guilty if the Defendant enters into a plea agreement and explicitly reserves with the consent of the State and the trial court a certified question of law that is dispositive of the case. *See* Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv); *State v. Armstrong*, 126 S.W.3d 908, 910 (Tenn. 2003). "An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. A question is never dispositive when we might reverse and remand[.]" *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). Furthermore, the fact that the defendant, the State, and the trial judge have agreed the issue is dispositive does not bind this court. *Preston*, 759 S.W.2d at 651. "[T]he appellate courts must . . . determine if the record on appeal demonstrates how that question is dispositive of the case. . . . If the appellate court does not agree that the certified question is dispositive, appellate review should be denied." *Id*. (citing *State v. Jennette*, 706 S.W.2d 614, 615 (Tenn. 1986)); *see State v. Dailey*, 235 S.W.3d 131, 134-35 (Tenn. 2007). The certified question must also clearly identify "the scope and limits of the legal issue reserved[.]" *See* Tenn. R. Crim. P. 37(b)(2)(A)(ii).

Our supreme court in *Preston* provided specific guidance regarding appellate review of a certified question of law pursuant to Rule 37(b)(2)(A):

> the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by the defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question[.] . . . No issue beyond the scope of the certified question will be considered.

759 S.W.2d at 650. "Failure to properly reserve a certified question of law pursuant to *Preston* will result in the dismissal of the appeal." *State v. Jeffrey Van Garrett*, No. E2018-02228-CCA-R3-CD, 2020 WL 1181805, at *2 (Tenn. Crim. App. Mar. 11, 2020) (citing *State v. Pendergrass*, 937 S.W.2d 834, 838 (Tenn. 1996)). "[T]he burden of

reserving, articulating, and identifying the issue [rests] upon the Defendant." *Pendergrass*, 937 S.W.2d at 838.

This court has noted that

certified questions of law which fail to narrowly construe the issues and identify the trial court's holding do not provide an adequate basis for our review. [*See State v. Casey Treat*, No. E2010-02330-CCA-R3-CD, 2011 WL 5620804, at *5 (Tenn. Crim. App. Nov. 18, 2011)] (holding that a certified question that did not "articulate the reasons previously relied upon by the Defendant in support of his arguments [and did] not describe the trial court's holdings on the constitutional issues presented" was overly broad); [*State v. Bradley Hawks*, No. W2008-02657-CCA-R3-CD, 2010 WL 597066, at *5 (Tenn. Crim. App. Feb. 19, 2010)] (holding that the certified question was overly broad because it did not specify what police action rendered the search and arrest unconstitutional, and did not adequately set forth the legal basis for the claim); [*see also State v. Tobias Toby Horton and Latoya Lynn Townsend*, No. W2008-01170-CCA-R3-CD, 2009 WL 2486173, at *4 (Tenn. Crim. App. Aug. 13, 2009)] (holding that the certified question was framed too broadly such that the [appellate] court would have to conduct a complete overview of search and seizure law to answer it, which the court declined to do).

*State v. Robert Glenn Hasaflook*, No. M2012-02360-CCA-R3-CD, 2013 WL 4859577, at *4 (Tenn. Crim. App. Sept. 12, 2013), *perm. app. denied* (Tenn. Jan 15, 2014).

In this case, the Defendant's certified question fails to specify the legal basis for the Defendant's claim and fails to describe the trial court's holding on the issue. *See Preston*, 759 S.W.2d at 650; *Robert Glenn Hasaflook*, 2013 WL 4859577, at *4; *Bradley Hawks*, 2010 WL 597066, at *4-5; *see also* Tenn. R. Crim. P. 37(b)(2)(A)(ii). At the motion hearing, the Defendant argued that the affidavit failed to comply with Tennessee Criminal Procedure Rule 3 solely because it failed to state that the Defendant was driving or in control of vehicle. In contrast, the certified question asks this court to consider whether the affidavit stated the essential facts necessary to establish probable cause of every element of a DUI offense. In so doing, the certified question is framed too broadly as it asks this court to consider if the affidavit is missing any element necessary to a DUI offense and goes beyond the issue the Defendant argued to the trial court. *See Preston*, 759 S.W.2d at 650. The Defendant's claim also requires this court to consider whether, in order to comply with Rule 3, the elements of an offense could be supplied by additional affidavits. That issue, though argued by the State to the trial court, was not addressed by the trial court and is not encompassed in the certified question. The certified question also fails to address the trial court's holding that the elements of the

-5-

DUI offense could be inferred from the arrest warrant affidavit. *See Robert Glenn Hasaflook*, 2013 WL 4859577, at *4.

Our supreme court in *Armstrong* made clear that the *Preston* certification question requirements are "explicit and unambiguous" and require strict compliance and rejected the application of a substantial compliance standard when applying the *Preston* requirements. *Armstrong*, 126 S.W.3d at 912. Because the Defendant's certified question fails to identify the scope and limits of the legal issue reserved and fails to state sufficiently the trial court's holding, we are without jurisdiction to consider this appeal. *See Preston*, 759 S.W.2d at 650. Accordingly, the appeal is dismissed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE